CHARLOTTE STILWELL, Executrix, etc., Respondent, *v.* JACOB CARPENTER et al., Appellants.

The old equity rule, that where a bill is so framed as to compel an answer on oath, and the verified answer denies any fact alleged in the bill, the alleged fact is not established unless shown by two witnesses, or by proof equivalent to the testimony of two witnesses, does not apply to pleadings under the Code.   A verified answer is not evidence, and so does not weigh as one witness.

C. was the equitable owner of a judgment recovered by G. against S., which had not been assigned by G., he holding it as collateral for a claim against C.   For a valuable consideration C. executed to S. a release of all claims against him, legal or equitable.   *Held*, that the release extinguished all C.'s interest in the judgment upon a subsequent payment by him of the claim of G.; and that a subsequent sale upon execution issued thereon of lands of S. conferred no title.

While records are sometimes received on argument in an appellate court to cure an omission through inadvertence of proof on trial, this is only permitted to uphold a judgment not to reverse it, as a reversal is only for error committed below, and there can be no error in deciding contrary to a record not produced.

This action was entitled C. S., executrix, etc., plaintiff.   The complaint alleged that C. B. S. died leaving a will, in and by which plaintiff was

made sole executrix and sole devisee. It described certain premises of which, as alleged, the testator died seized, and among other things sought to set aside a sale thereof on execution and a sheriff's deed. The purchaser moved to dismiss the complaint, as against him, on the ground that the action was brought by plaintiff purely in her representative capacity, and as executrix she had no interest in the premises. *Held,* that the motion was properly denied; that the title did not declare the character in which plaintiff sued as it did not state that she sued *as* executrix, but the words added to her name were merely *descriptio personæ;* and that, looking to the body of the complaint, it showed that she brought the action both as devisee and executrix.

Also, *held,* that the question as to plaintiff's right to join claims in her own right and in her representative capacity, not having been raised by demurrer or answer or in any manner in the trial court, could not be raised upon appeal.

(Argued June 14, 1875; decided September 21, 1875.)

This was a reargument. The case, as decided upon the former argument, is reported in 59 New York (p. 414), where will be found a statement more in detail of the facts.

The action was brought to set aside a sale on execution, and a sheriff's deed of certain premises of which Sylvanus B. Stilwell, plaintiff's testator, died seized, on the ground that the judgment upon which the execution was issued had been released; and also to set aside a surrogate's decree directing a payment by plaintiff, as executrix, of the balance uncollected on the judgment, on the ground of fraud.

The judgment was rendered in favor of one Gilbert, against Stilwell. It was in fact owned by defendant Jacob Carpenter, but was held by Gilbert as security for a claim against Carpenter. While in this condition, an agreement was entered into between Stilwell and Carpenter, by which, on condition of the assignment by Stilwell of certain judgments he held against Carpenter, the latter agreed to and did execute a general release, under seal, of all claims, legal or equitable, which he had against Stilwell. Carpenter subsequently paid to Gilbert the claim for which the judgment was held as security; but Gilbert, instead of transferring the judgment to Carpenter, at the request of the latter, assigned it to one Curtis, who paid no consideration therefor, holding it as trustee for Carpenter. Curtis, after the death of Stil-

well, caused an execution to be issued on the judgment and the land in question to be levied upon and sold; it was bid off by Curtis for the benefit of Carpenter; and the certificate of sale was subsequently transferred, at Carpenter's request, to his son-in-law, defendant Davis, who received the sheriff's deed. The amount bid did not pay the judgment. Curtis, at the request of Carpenter, assigned it to defendant Markham; Markham presented the claim and applied to the surrogate to compel plaintiff to pay it. At this time Markham had in fact assigned the judgment to Carpenter; this assignment however was concealed, and the proceedings conducted in the name of Markham. The alleged fraud was this concealment. Plaintiff did not contest the claim before the surrogate on the ground that the judgment had been released, but claimed to set off against it the judgment held by Stilwell against Carpenter. The surrogate decreed the payment by plaintiff of the balance appearing uncollected on the judgment. *Held*, that the release included the judgment, and upon the payment by Carpenter of Gilbert's claim operated to discharge it; that the sheriff's sale and deed were void and were properly set aside; but that there was no fraud vitiating the surrogate's decree; that as the surrogate had no authority to set off the judgment the concealment of the assignment could not have affected the decree, and was immaterial; that even if the release had been claimed before the surrogate it would have had no greater effect by reason of Carpenter being the legal owner of the judgment, than it would have had if he had been but the equitable owner; nor did the assignment to Carpenter of the apparent legal title to the judgment give it any greater force than his previous equitable ownership had given to it; that, therefore, the omission of plaintiff to avail herself of the release before the surrogate, or to seek to have its effect adjudicated upon by a competent court, restraining, meanwhile, the proceedings before the surrogate, was not cured by an ignorance of fact, but was a neglect to avail herself of a legal right, just as perfect upon the facts known to her as if the concealed fact had also been disclosed; and that plaintiff was precluded from a judgment affecting the surrogate's decree. By that decree

all the parties were bound, and it is a final and conclusive adjudication. Also, that, as by the surrogate's decree, plaintiff was credited with the amount bid, if the sheriff's sale and deed were set aside and the land restored to her as devisee, discharged from the judgment, she would as executrix retain the benefit of the sum bid, which would be lost to the creditors, which would not be just and equitable. The whole judgment was therefore reversed. The other points stated in the head-note were also decided.

*Samuel Hand* for the appellants.

*Benjamin M. Stilwell* for the respondent.

Folger, J., reads for reversal and new trial.
All concur; Rapallo and Andrews, JJ., in result.
Judgment reversed.