THE IRVING NATIONAL BANK OF NEW YORK, APPELLANT, v. J. L. ADAMS, RESPONDENT.

*Evidence — admission of additional record evidence on appeal — not allowed to procure a reversal of the decision below.*

Where a matter of record has been imperfectly made to appear upon the hearing, and the determination has proceeded upon such evidence, and an appeal has been taken, it is allowable for the purpose of sustaining the proceedings to produce complete record evidence, on the hearing of the appeal, to supply the defect, but it cannot be done for the purpose of producing a reversal of the decision appealed from.

MOTION for leave to retain in the printed case, upon an appeal from the order made by this General Term, certain papers showing the proceedings in bankruptcy before the United States District

Court for the District of Louisiana, and extending from page forty-one to fifty-one of the case.

*G. A. Seixas,* for the motion.

*Charles M. Marsh,* opposed.

DANIELS, J.:

The papers desired to be retained as a part of the case were stated to have been presented to the court upon the arguments which took place before the General Term, but they were not used upon the motion resulting in the order from which the appeal was taken. The affidavits of Mr. Luidsey show that he first received them after the hearing of the motion before Mr. Justice BARRETT. And the case, as it was made up, upon which the argument was made before the General Term, setting forth the papers upon the hearing of the motion, did not contain those now desired to be added. For that reason, although they may have been presented with the case upon the argument at the General Term, they could not be considered, for the court was bound to hear and decide the appeal taken from the order upon the papers before the Special Term at the time when the motion was there heard and decided. Where a matter of record has been imperfectly made to appear upon the hearing, and the determination has proceeded upon such evidence, then in affirmance of the proceeding, complete record evidence may be received on the hearing of the appeal, to supply the defect, but that is not permitted to be done for the purpose of producing a reversal of the decision from which the appeal has been taken. (*Stilwell* v. *Carpenter,* 62 N. Y., 639.)

Under this rule the General Term could not properly consider the records of the Louisiana Bankrupt Court as a portion of the papers before it on the hearing and decision of the appeal taken from the order, and it follows that they should not constitute any portion of the papers upon the appeal taken from the order made by the General Term.

A reargument of the appeal before the General Term would be of no advantage to the party appealing. For if the case should be again heard it must necessarily be upon the papers which were before the Special Term on the hearing and decision of the

motion. The motion which is now being made must accordingly be denied.

DAVIS, P. J., and BRADY, J., concurred.

Motion denied.