ELECTUS B. LITCHFIELD, Executor, etc., Appellant *v.* CHARLES R. FLINT, Respondent.

Where a complaint shows a cause of action in favor of the plaintiff, not in a representative but in his individual capacity, the addition of the words " executor," etc., in the title, and a statement in the complaint, that he is executor of the will of a deceased person named, do not prevent a recovery by him individually ; the descriptive words may be rejected.

So, also, words added to the name of the payee in a promissory note, showing that he is executor are mere *descriptio personæ*, and an action may be maintained thereon by the payee in his individual capacity.

Plaintiff's complaint alleged his appointment as executor of the will of H., the execution to him by the K. C. C. R. R. Co. of a promissory note, a copy of which was set forth in the complaint, which was made payable to him or order, he being described as executor of H. ; the transfer and delivery of the note to F., who held the same at the time of the making of an agreement between plaintiff and defendant; in pursuance of which agreement plaintiff transferred and assigned to defendant certain stock and bonds of the company and claims against it. In consideration whereof defendant, by the said agreement, promised, among other things, that when his interest in the road and in the securities was closed up he would apply the proceeds, with the consent of the company, to the payment of the note, provided F. would relinquish certain bonds of the company. The complaint further alleged that said agreement was entered into by plaintiff individually, for the purpose of making certain provision for the payment of the note; that the note and the bonds referred to were thereafter assigned to him by F.; that when the note became due payment was demanded and refused, it was duly protested and notice of nonpayment served upon plaintiff; that the interest specified in the agreement had been closed up, and defendant had received on account of the property, over and above all advances and expenditures, a sum more than sufficient to pay said note; that the consent of the company to such payment had been obtained, and that a tender of the bonds was made, with demand of payment, but that defendant refused to pay. On demurrer to the complaint; *held,* that it set forth a good cause of action; that if plaintiff simply occupied the position of assignee from F., the promise of defendant became available to, and could have been enforced by F., and by the transfer of the note to plaintiff he acquired that right; that even if this were not so, plaintiff, having become possessed of the note, could enforce the promise to pay it, not simply as assignee of F., but as a party to the agreement.

(Submitted February 7, 1887; decided March 1, 1887.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made September 22, 1884, which reversed a judgment in favor of plaintiff, entered upon an order overruling a demurrer to plaintiff's complaint, and which sustained the demurrer and directed judgment thereon.

THE complaint in this action alleges, in substance, that on or about the 27th day of May, 1873, H. Maria Litchfield departed this life in the county of Kings, leaving a last will and testament wherein the plaintiff was nominated executor; that thereafter, on the 15th day of October, 1873, the will was admitted to probate by the surrogate of that county, and letters testamentary were duly issued to the plaintiff as such executor on the 2d day of June, 1875; that on the 20th day of April, 1878, the Kings County Central Railroad Company made and executed its promissory note in writing as follows:

" $6,000.

Six months from date, for value received, The Kings County Central Railroad Company promise to pay E. B. Litchfield, executor of the estate of H. Maria Litchfield, deceased, or order, $6,000 and interest, payable at the American Exchange National Bank, New York.

[Seal.] "KINGS COUNTY CENTRAL RAILROAD CO.,
"Per E. B. LITCHFIELD, *President.*

"BROOKLYN, *April* 30, 1878."

That before the maturity of the note it was transferred and delivered for full value to one Frederick W. Foote, and that there was delivered to him at the same time twelve bonds of the railroad company as collateral security for the payment thereof; that Foote was the legal holder and owner of the note and bonds on the 24th day of September, 1878, and on that day the note constituted a debt of the railroad company to him; that on that day a written agreement was executed between the plaintiff of the first part and the defendant of the second part, wherein it was recited, among other

things, that the party of the first part was chiefly the promoter
of the railroad known as the Kings County Central Rail-
road; that he and the railroad company were financially embar-
rassed, and that he was incapable of further active exertions
to resuscitate the railroad company or to manage the road so
as to produce from it any profit or benefit; that the party of
the second part was willing to examine into the affairs of the
railroad company with a view of determining what could
be profitably done with the road, and if found feasible, to
make the attempt to produce some profit to the party of
the first part from his interest therein; that the party of
the first part placed in the hands of the party of the second
part certain stock of the railroad company, and transferred to
him the interest of the party of the first part in certain bonds
of the road, preliminary to the agreement, upon which the
party of the second part made certain advances in money to
the railroad company, and for which the party of the second
part had and retained a claim against the railroad company;
and wherein it was agreed that the party of the first part did
absolutely sell and assign to the party of the second part his
interest in the bonds mentioned, and that he would assign to
any person the party of the second part might designate, on
demand, the stock mentioned, and that he did thereby sell
and assign to the party of the second part all his right, title
and interest and claims and demands, other than stock and
bonds, in, to and upon the railroad company; and wherein,
in consideration thereof, the party of the second part agreed
to pay in cash to the party of the first part the sum of $1,750,
and further agreed that when his interest in the road, or in
any road or roads he might choose to build in connection
therewith, and in the securities of the Kings County Central
Railroad Company, and of such other road or roads was closed
up, he would apply the proceeds as follows: Among other
things, that he would pay, with the consent of the railroad
company, the debt of the company owing to F. W. Foote,
" for which he holds as collateral twelve bonds of the said the
Kings County Central Railroad Company, provided said Foote

will relinquish to him his title in four other bonds of said company now held by him, the said bonds to belong thereupon to said party of the second part, the said sixteen bonds to be at a price not to exceed the sum of six thousand two hundred dollars ($6,200), and the said reimbursement shall include the two foregoing items." The complaint further alleges that this agreement was entered into by the plaintiff, individually, with the defendant, with the intention and purpose, among other things, of making certain provision for the payment of the promissory note mentioned, and the indebtedness of the Kings County Central Railroad Company evidenced thereby, and of indemnifying the plaintiff, as executor, from liability thereon; that the plaintiff has fully carried out and performed all the terms and conditions of the agreement on his part to be carried out and performed; that after the execution of the agreement the note above mentioned for value was transferred to and came into the possession of the plaintiff, together with the twelve bonds of the " Kings County Central Railroad Company, so as aforesaid held by said Foote, and collateral security for the payment thereof, and at the same time the said Foote delivered to this plaintiff four other bonds of the said The Kings County Central Railroad Company then held by him and relinquished and transferred to this plaintiff his title in all of said bonds," that thereafter, and and on the second day of " November, 1878, the day said note by the terms thereof became due and payable, said note was presented at the American Exchange Bank for payment and payment thereof demanded and refused. Whereupon said note was duly protested in manner and form required by law, and notice of the non-payment thereof was duly served upon this plaintiff." The complaint further alleges that the enterprise and adventure in the agreement mentioned had been closed up and finally terminated, and that the interest of the defendant in the railroad company and in the securities thereof had been closed up; that the defendant had received on account of the property transferred to him by the plaintiff, and as proceeds thereof, large sums of money, and

particularly the sum of $27,000 for the proceeds of a sale of the bonds and stock acquired by him pursuant to the agreement with the plaintiff, and that the balance of such proceeds, with the interest thereon, after deducting therefrom all the sums which the defendant may have advanced, expended or laid out in connection with the enterprise referred to in the agreement, directly or indirectly, according to the true intent and meaning of the agreement and in the manner therein provided, with the interest thereon, exceeded the sum of $6,200, and interest thereon at the rate of seven per cent; that the consent of the Kings County Central Railroad Company to the payment by the defendant of the promissory note mentioned had been duly obtained, of which the defendant had notice, that the plaintiff has duly demanded of the defendant payment of the promissory note, and at the same time tendered to him the sixteen bonds of the railroad company which had been held by Foote, and by him transferred to the plaintiff, but that the "defendant refused and neglected to pay the same, and still refuses and neglects to pay the same, although the plaintiff has at all times been and still is ready and willing to deliver to said defendant said sixteen bonds upon receipt of payment of said note," and the plaintiff demanded judgment against the defendant for the sum of $6,000 and interest from August 30, 1878, besides costs of the action.

To this complaint the defendant demurred on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled at Special Term upon the ground that the complaint stated a good cause of action to enforce a trust and for an accounting by the trustee. From the judgment overruling the demurrer the defendant appealed to the General Term of the Supreme Court, where that judgment was reversed, as appears from the opinion there pronounced, upon the ground that the agreement mentioned in the complaint did not create a trust; that the plaintiff seeking to enforce payment of the note occupied simply the position of an assignee from Foote; that Foote, if he had continued to.

own the note, could not have enforced payment under the agreement made by the plaintiff with the defendant because at the time of that agreement he did not hold any claim against the plaintiff, and the plaintiff was not indebted to him or under any obligation to him. Upon the decision of the General Term, judgment absolute was rendered against the plaintiff dismissing his complaint with costs.

*J. W. Gilbert* for appellant. The averments of the complaint are sufficient to show that plaintiff is the real beneficiary and is entitled to have the trust enforced. (*Barry* v *Lambert*, 98 N. Y. 300, 306, 307; *Gilman* v. *McArdle*, id. 451; *Martin* v. *Funk*, id. 75; *Day* v. *Roth*, 18 id. 448; *Wright* v. *Douglas*, 3 Seld. 564; *Young* v. *Young*, 80 N. Y. 438; Hill on Trusts, 63–71; Perry on Trusts, 95; Pomeroy's Eq. Jur., §§ 997, 998, 999.) It was not necessary to make the other *cestuis que trust* parties to the action as the amount to be paid to the plaintiff was fixed by the contract by which the trust was created, and was to be paid primarily. (*Ger. Mut. Ins. Co.* v. *Benson*, 5 Duer, 168, 176; *Penman* v. *Slocum*, 41 N. Y. 53.) The defendant is liable to account for the proceeds of the sale of Litchfield's property: (*Manton* v. *Gould*, 69 N. Y. 220; *Belknap* v. *Bender*, 75 id. 446.) It is not sufficient to show that the particular cause of action indicated by the prayer for relief, or otherwise, is not supported by the facts averred. If those facts show that the plaintiff is entitled to any relief the court can adapt the relief to the case, and the demurrer must be overruled. (Code Civ. Pro., § 1207; *Hale* v. *Omaha Nat. Bk.*, 49 N. Y. 626–637; *Williams* v. *Slote*, 70 id. 601, 602; *Mackey* v. *Auer*, 8 Hun, 180, 182.) The facts averred bring the case within the principle that where one person, for a valuable consideration, makes a promise to another, for the benefit of a third person, that third person may maintain an action to enforce the promise. (Code of Civ. Pro., § 449; *Hubbell* v. *McHenry*, 53 N. Y. 98; *Lawrence* v. *Fox*, 20 id. 268; *Burr* v. *Beers*, 24 id. 178; *Ricard* v. *Sanderson*, 41 id. 179; *Thorpe* v. *Keokuk C. Co.*, 48 id. 253;

*Claflin* v. *Ostram,* 54 id. 581, 584 ; *Glen* v. *Hope I. Co.,* 58 id. 379, 381 ; *Arnold* v. *Nicolls,* 64 id. 117 ; *Belknap* v. *Bender,* 75 id. 446 ; *Todd* v *Weber,* 95 id. 181, 193.)   The executor should be permitted to sue in the first instance, instead of being compelled to enforce his claim through the intervention of the plaintiff in his private and unofficial capacity.   (*Bright* v. *Currie,* 5 Sand. 433 ; *Nicolls* v. *Hall,* 7 Hun, 580 ; *Merritt* v. *Seaman,* 6 N. Y. 168.)   The transfer of the note to the executor made him the beneficiary, the defendant's undertaking being to pay the debt and not a particular person.   (*Costar* v. *Mayor, etc.,* 43 N. Y. 399, 411 ; *Little* v. *Banks,* 85 id. 258, 263 ; *Barlow* v. *Myers,* 64 id. 41 ; *Simpson* v. *Brown,* 68 id. 360 ; *Ger. Nat. Bk.* v. *Taaks,* 31 Hun, 260, 261.)

*Benj. F. Tracy* for respondent.   By the agreement annexed to the complaint Flint became the absolute owner of the property transferred to him by Litchfield, no trust in it being created in favor of Litchfield or any one else.   (*Young* v. *Young,* 80 N. Y. 438 ; 2 Burrill's L. Dic. 549, 550 ; *Andrews* v. *Bible Soc.,* 4 Sandf. 156 ; *Hungerford* v. *Cartwright,* 13 Hun, 647.)   Flint's promise to Litchfield to pay the debt of the railroad company to Foote is a promise, that cannot be enforced by Foote or his assignee, Litchfield's executor.   (*Lawrence* v. *Fox,* 20 N. Y. 268 ; *Ætna Nat. Bk.* v. *Fourth Nat. Bk.,* 46 id. 92 ; *Throop* v. *Keokuk Coal Co.,* 48 id. 257 ; *Garnsey* v. *Rogers,* 47 id. 233, 240 ; *Burt* v. *Beers,* 24 id. 178 ; *King* v. *Whatley,* 10 Paige, 465 ; *Merrill* v. *Green,* 55 N. Y. 270 ; *Vrooman* v. *Turner,* 69 id. 284 ; *Turk* v. *Ridge,* 41 id. 201 ; *Cushman* v. *Henry,* 12 J. & S. 97 ; *Pardee* v. *Treat,* 82 N. Y. 385, 392 ; *Seward* v. *Huntington,* 94 id. 104.)   The defendant by demurring did not admit the allegations in the complaint concerning the purpose and effect of the agreement annexed thereto.   (*Bogardus* v *N. Y. I. Co.,* 101 N. Y. 337.)

Earl, J.   We are of opinion that the complaint states a good cause of action and that the demurrer was not, therefore, well taken.

While the note mentioned in the complaint contains a promise to pay E. B. Litchfield, " executor of the estate of H. Maria Litchfield, deceased," the words quoted are mere *descriptio personæ.* .There is nothing in the complaint showing that the loan was made by him as executor and in no other capacity ; and upon the facts alleged in the complaint, if Litchfield had desired to commence suit directly upon the note against the maker thereof, he would have been obliged to commence it in his individual name, and in that capacity he could have recovered. (*Peck* v. *Mallams*, 10 N. Y. 509 )

So, too, although in the title of this action, after the word Litchfield, the words " executors of the last will and testament of H. Maria Litchfield, deceased," appear, yet the action is the individual action of Electus B. Litchfield. The whole body of the complaint shows an action in his favor to enforce an agreement made by him individually with the defendant for the payment of the note given to and held by him individually. In such a case when the complaint shows a cause of action in favor of the plaintiff, not in his representative but in his individual character, the descriptive words may be rejected, leaving the action to stand as one in the individual capacity of the plaintiff. (*Merritt* v. *Seaman*, 6 N. Y. 168 ; *Stilwell* v. *Carpenter*, 62 id. 639 ; *Beers* v. *Shannon*, 73 id. 292 ; *Thompson* v. *Whitmarsh*, 100 id. 35.)

We agree with the General Term that this is not an action to enforce a trust, but simply to enforce the agreement of the defendant to pay the note held by the plaintiff which is set out in the complaint. It is quite clear that under the authority of *Lawrence* v. *Fox* (20 N. Y. 268) ; *Barlow* v. *Myers* (64 id. 41) ; *Vrooman* v. *Turner* (69 id. 280), and other like cases. Foote, if he had continued to hold the note, could, upon the facts alleged in the complaint, have compelled its payment by the defendant. His agreement to pay the note to Foote was founded upon an ample consideration passing to him from the plaintiff. At the same time the plaintiff was under a legal obligation or duty to Foote by virtue of his indorsement upon the note which he had trans-

ferred to him, and his interest and obligation consequent upon his indorsement bring the case precisely within the rule laid down in *Vrooman* v. *Turner* (*supra*), in the following language: " A legal obligation or duty of the promisee to him (the third party) will so connect him with the transaction as to be a substitute for any privity with the promisor, or the consideration of the promise, the obligation of the promisee furnishing an evidence of the intent 'of the latter to benefit him, and creating a privity by substitution with the promisor."

It is true that the complaint does not very distinctly aver the indorsement by the plaintiff of the note, which was held by Foote at the date of the agreement. But the note was payable to plaintiff's order, and the complaint alleges that it was transferred to Foote, which, in the case of such a note, would imply its indorsement; it avers that payment of the note was demanded, and that it was protested for non-payment, and that notice of protest was duly served upon plaintiff. It is also alleged that the agreement was entered into for the purpose, among other things, of making certain provision for the payment of the note and the indebtedness of the Kings County Central Railroad Company evidenced thereby, and of indemnifying the plaintiff, as executor, from liability thereon. From all this language we think it can be inferred that the plaintiff was the indorser of the note while it was in the hands of Foote; and, therefore, the promise of the defendant became available to Foote, and the assignment and transfer of the note to the plaintiff enabled him as such assignee, standing in the shoes of Foote, to enforce the agreement.

But even if this were not so the conclusion would still be reached that the plaintiff could enforce payment of the note. The defendant promised to pay this note upon ample consideration furnished by the plaintiff He thus became bound to some one to pay it. If he did not become bound to Foote, he certainly did to the plaintiff, and he having become possessed of the note can, not simply as assignee of Foote, but as a party to the agreement, enforce payment of the note. He holds not only all the rights, if any, Foote

had under that agreement, but all the rights which he had thereunder as a party thereto, and there can be no doubt that he is in a position to enforce the promise the defendant made to him to pay the note.

Therefore, the plaintiff having become owner and holder of the note, having procured the consent of the Kings County Central Railroad Company to its payment by the defendant, and having tendered to him the sixteen bonds to which he was entitled under the agreement, and the enterprise mentioned in the agreement having been closed up and terminated, the defendant having ample funds for the payment of the note, we see no reason to doubt that the complaint sets forth a sufficient cause of action and that the demurrer should not have been sustained.

The judgment of the General Term, should, therefore, be reversed, and that of the Special Term overruling the demurrer affirmed; and the defendant should have leave to withdraw his demurrer and serve an answer within thirty days upon payment to the plaintiff of all the the costs since the service of the demurrer.

All concur.

Judgment accordingly.