CHATFIELD LEONARD, as Receiver of CURTIS A. BARNUM, Appellant, v. CARLTON B. PIERCE, Respondent, Impleaded with Others.

PLEADING — PARTIES — DEMURRER.  A demurrer is properly interposed to a complaint in an action upon the ground that there is a defect of parties defendant and that the complaint does not state facts sufficient to constitute a cause of action, where it appears that in the summons and in the title of the complaint the defendant is named only in his individual capacity and that in the complaint no cause of action is stated against him in that capacity, but only in his representative capacity as trustee under the will of a certain decedent.

*Leonard* v. *Barnum,* 94 App. Div. 266, affirmed.

(Argued June 14, 1905; decided October 3, 1905.)

APPEAL from a judgment, entered June 4, 1904, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which reversed an interlocutory judgment of Special Term overruling a demurrer to the complaint and sustained such demurrer.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Clarence L. Barber* for appellant.  The complaint alleges a good cause of action against Pierce as trustee. (*Berolzheimer* v. *Strauss,* 19 J. & S. 99; *Soldiers' Home* v. *Sage,* 11 Misc. Rep. 164; *Collins* v. *Stewart,* 2 App. Div. 278; *Stillwell* v. *Carpenter,* 62 N. Y. 639; *Beers* v. *Shannon,* 73 N. Y. 297; *Bank* v. *Shuber,* 153 N. Y. 173; *Genet* v. *De*

*Graaf*, 27 App. Div. 238; *Patterson* v. *Copeland*, 52 How. Pr. 460; *Kley* v. *Higgins*, 33 Misc. Rep. 367; *State* v. *Patton*, 42 Mo. 530; *Collins* v. *Lightle*, 50 Ark. 101; *Bryant* v. *S. Ry. Co.*, 137 Ala. 491.)

*Carlton B. Pierce* for respondent. No cause of action is alleged against the defendant Pierce individually. Accordingly his demurrer as an individual was properly sustained. (*Smith* v. *Barnum*, 3 N. Y. Supp. 476.)

HAIGHT, J. The cause of action as alleged in the complaint was that Pierce, as trustee, be compelled to render an account of the trust funds in his hands; that he be enjoined from making improper investments, and that he be compelled to make restitution of such of the trust funds as had been lost through his fault. In the summons and in the title of the complaint he is named only in his individual capacity, and it is conceded that no cause of action is alleged against him in that capacity. The demurrer is "that there is a defect of parties, in that Carlton B. Pierce as trustee under the will of Abijah Barnum, deceased, is a necessary defendant," and again, "that the complaint does not state facts sufficient to constitute a cause of action."

It has been repeatedly held that persons suing or being sued in their official or representative capacity are, in contemplation of law, distinct persons, and strangers to any right or liability as an individual, and consequently a former judgment concludes a party only in the character in which he was sued. If the judgment was for or against an executor, administrator, assignee or trustee, it would not preclude him, in an action affecting him personally, from disputing the findings or judgment, although the same questions are involved. (*Collins* v. *Hydorn*, 135 N. Y. 320; *Landon* v. *Townshend*, 112 N. Y. 93–99; *Rathbone* v. *Hooney*, 58 N. Y. 463–467.)

The defendant Pierce, individually, being in contemplation of law a distinct party from that of Pierce as trustee under the will of Barnum, deceased, I think adopted the correct

practice to relieve himself from liability personally by interposing the demurrer to the complaint. The Code of Civil Procedure provides that an action is commenced by the service of a summons; that the summons must contain the title of the action, specifying the names of the parties to the action. (Secs. 416, 417.) It further provides that the defendant may demur when there is defect of parties plaintiff or defendant, and when the complaint does not state facts sufficient to constitute a cause of action. (Sec. 488.) It thus appears that the action was commenced by the service of the summons in which the defendant was named as a party individually, and that no cause of action was stated in the complaint against him in that capacity. The defendant, therefore, brings himself squarely within the express provisions of the Code in interposing his demurrer. This practice imposes no unjust hardship upon the plaintiff. He is only called upon to determine the nature of his own cause of action, as to whether it is against the person in his individual capacity, or in his representative capacity.

It is true that there are cases in which it has been said that the title and pleadings may be considered together to ascertain the true nature of the action, and the cases of *Stilwell* v. *Carpenter* (62 N. Y. 639); *Beers* v. *Shannon* (73 N. Y. 292); *Litchfield* v. *Flint* (104 N. Y. 543), and *Knox* v. *Metropolitan El. Ry. Co.* (58 Hun, 517; affirmed, 128 N. Y. 625) are relied upon to sustain the plaintiff's position. But these cases are not in conflict with our views upon this subject. In the case of *Stilwell* v. *Carpenter* the action was entitled " Charlotte Stilwell, Executrix, etc." Upon the trial the defendant moved to dismiss the complaint on the ground that the action was brought by the plaintiff in her representative capacity as an executrix. It was held that the motion was properly denied, for the reason that it did not appear that the action was brought by the plaintiff *as* executrix, nor did it appear what estate she was executrix of. Therefore, the words " executrix, etc.," were merely *descriptio personæ.* In the

28

case of *Beers* v. *Shannon* it was claimed that the action was not brought by the plaintiff in his representative character. The plaintiff gave his name, and following it the words "executor of, etc., of John Beers, deceased." He omitted the word "as" before executor. It will be observed that the *Beers* case differs from that of *Stilwell* v. *Carpenter*, for in the *Beers* case the estate of which he was executor is given. It was held, that while without the word "as" it had frequently been held that the addition to the name of the party was *descriptio personæ*, yet, in view of the allegations of the complaint, it was apparent that he intended to sue in his representative capacity, and that the description of him was sufficient for that purpose. In the case of *Litchfield* v. *Flint* the title was "Electus B. Litchfield, Executor, etc." The complaint alleged a cause of action in his favor in his individual capacity and not as a representative. In the complaint there was an allegation that he was an executor of the will of a deceased person, naming him. It was held that the words "executor, etc.," were merely *descriptio personæ*. In the case of *Knox* v. *Met. El. Ry. Co.* it was contended that the plaintiffs could not maintain the action, because, in the caption of their complaint, they styled themselves "as executors" and not "as trustees" of the last will and testament of Richard Smith Clark. In the body of the complaint, however, they set forth the testator's will and allege the devise of the property in question to his executors in trust. Under the circumstances, it was held that the plaintiffs had the right to describe themselves as "executors," and that the action was properly brought.

It will readily be seen that none of these cases reach the question involved in this case. All of these cases were considered in the case of *First National Bank* v. *Shuler* (153 N. Y. 163) in which it appears to us the question involved in this case was decided and disposed of. That case was a creditor's action to set aside a general assignment and certain transfers of property as in fraud of the rights of creditors. The action was brought against one Waldron, as assignee, and

against Elizabeth N. Shuler individually, to whom it was claimed certain transfers of property had been made. After the action had been brought, Isaac C. Shuler, the judgment debtor, died, leaving a will, in which Elizabeth N. Shuler was appointed his executrix. Subsequently, upon the application of the plaintiff, the court made an order permitting the plaintiff to serve a supplemental complaint alleging the death of Shuler and the appointment of his executrix, etc. But no order was made continuing the action against her as executrix or directing that she be brought in and made a party in her representative capacity. ANDREWS, Ch. J., in delivering the opinion of the court, says : " We think the proceedings and judgment in this case are fatally defective for the omission of the plaintiff to bring in and make the defendant Elizabeth N. Shuler a party defendant in the action, in her capacity as executrix of the original defendant, Isaac C. Shuler. * * * Cases are cited to support the contention that the defendant Elizabeth N. Shuler having been in fact a party to the action in her individual name, should be regarded as a party in her representative character also." Then he refers to the cases above alluded to, and continues : " But a suit against one sued as an individual does not bind him as trustee, and, conversely, judgment against one sued in a representative capacity does not conclude him in a subsequent action brought by or against him as an individual, although the same identical issue is involved, and the decision in the first action was upon the merits."

The defendant Pierce may be liable as trustee, but is not liable individually. But if he is not permitted to interpose a demurrer how can he shield himself from the entry of a judgment against him personally. Must he appear and serve an answer ? If so, what is he to answer ? He may not be able to truthfully deny the allegations against him as trustee, and no facts have been alleged against him individually which call for an answer. But assuming that he may answer and go to trial and upon the trial procure a ruling to the effect that he is not liable personally, it would be the adoption of a cumber-

some and expensive practice, reaching a result in a round-about way when the Code authorizes a simple remedy by demurrer.

The judgment of the Appellate Division should be affirmed, with costs.

Werner, J. (dissenting). After many vicissitudes, in the course of which there have been several demurrers, amended complaints and a severance of inconsistent causes of action, the complaint in its present form has reached this court upon a demurrer that was overruled at Special Term, but sustained at the Appellate Division. Of the five specifications in the demurrer only two need be noticed, and they are (1) that there is a defect of parties in that persons described in paragraph five of the complaint as " other devisees therein named " are necessary defendants in the action, and (2) that there is a defect of parties defendant in that Carlton B. Pierce as trustee under the will of Abijah Barnum, deceased, is a necessary defendant.

The plaintiff is receiver under several judgments recovered against one Curtis A. Barnum. The latter is the contingent remainderman under his father's will, subject to his mother's life estate, of certain premises in Otsego county, which have been sold. The proceeds of the sale are now in the hands of the defendant Pierce as trustee under that will, who pays the income to the life tenant. This action is brought to compel the trustee to render an account; to enjoin him from continuing or making unauthorized investments of the trust fund, and to make restitution of such part thereof as may have been lost through his fault. All this is upon the theory, of course, that the receiver has a present qualified interest in the trust estate that may ripen into an unqualified title and right of possession upon the death of the *cestui que vie*. That portion of the complaint which sets forth the interest of the judgment debtor in the estate of his deceased father is to the effect that a certain house and premises in Otsego county were devised to the judgment debtor in fee simple, subject to the life use

of his mother, Laura Barnum. This devise was subject to the further contingency that, if the judgment debtor and all of his descendants should die before his mother, the property devised to him should pass to other devisees named in the will. One of the questions now to be decided is, whether these " other devisees " are necessary parties to this action.

It is to be observed that this complaint is not singular in that it prays for several forms of relief which are not justified by its allegations. That is a common fault in equity pleading. It contains one statement, however, that qualifies all its allegations and limits the relief sought. In the seventeenth paragraph the pleader says that " no relief is prayed for  \*  \*  \* which shall affect the custody of said fund or the income thereof, during the continuance of the trust estate. This allegation practically eliminates the prayer that the accounts of the trustee be judicially settled, as well as every other that is inconsistent with the main purpose of the action; and when the complaint is viewed in that light it is evident that what the plaintiff really wants is to have the trust fund accounted for and properly invested under the direction of the court. The present custody of the fund is not sought to be disturbed, and no direction is prayed for concerning its ultimate disposition. In short, the complaint fairly construed seeks nothing more than an intermediate or interlocutory accounting respecting a fund in which the plaintiff has now a contingent interest and in which the " other devisees " mentioned can have no interest, unless the interest of the plaintiff is annihilated by the death of the judgment-debtor and his descendants pending the continuance of the trust estate. A decree directing the trustee to disclose his proceedings and restricting his investments to legitimate channels, cannot detrimentally affect the interests of these " other devisees," and it is, therefore, not apparent that they are necessary parties to this action. They may be proper parties, and, if so, the Supreme Court may, in its discretion, direct them to be brought in. But that result is not to be accomplished by demurrer. " *Necessary* parties, when the term is accurately

used, are those without whom no decree at all can be effectively made determining the principal issues in the cause. *Proper* parties are those without whom a substantial decree may be made, but not a decree which shall completely settle all the questions which may be involved in the controversy, and conclude all the persons who have any interest in the subject-matter of the litigation." (Pomeroy's Remedies and Remedial Rights, § 329.) " If the person is a *necessary* defendant, a demurrer for defect of parties on account of his non-joinder will be sustained; and conversely, if the demurrer will be sustained, the person is a necessary party. If the person is merely a *proper* party, such a demurrer will not be sustained on account of his non-joinder, although the court may undoubtedly, in the exercise of its discretion, order him to be brought in." (Id. § 330.) In determining who are *necessary* parties and who are merely *proper* parties to an action for an accounting, it should be borne in mind that there is a well-recognized distinction between the rendering of an account and its final settlement. (Woerner's Am. Law of Administration [2d ed.], vol. 2, §§ 501, 502; *Remington* v. *Walker*, 21 Hun, 322; *Westervelt* v. *Gregg*, 1 Barb. Ch. 469.) This distinction was applied in *Wood* v. *Brown* (34 N. Y. 337) where it was held that creditors, legatees and next of kin are not necessary parties except in cases of final accounting. This court there said: " The case was a proper one to call on the defendant to render an account of his proceedings. *If a final settlement was not contemplated it was not necessary to make the other legatees parties.* The decree does not affect them. If further proceedings are taken upon the basis of the decree, they may be brought in if necessary." And in *Matter of Robinson* (37 N. Y. 261), where the question was whether the *cestuis que trustent* were necessary parties upon an application for the appointment of a trustee, it was held that the disposition of such applications rests largely upon considerations of convenience as to which the court will exercise its sound discretion. In the course of the discussion in that case the court quoted certain passages from Judge Story that are quite applicable in

the case at bar. The rule relating to parties in equitable actions and proceedings, says Judge Story, " does not seem to be founded upon any positive or uniform principle; and, therefore, it does not admit of being expounded by the application of any universal theorem as a test. It is a rule founded partly in artificial reasoning, partly in considerations of convenience, partly in the solicitude of courts of equity to suppress multifarious litigation, and partly in the dictates of natural justice, that the rights of persons ought not to be affected in any suit without giving them an opportunity to defend them." This doctrine was approved in *Harvey* v. *Harvey* (4 Beav. 215); *Birdsong* v. *Birdsong* (2 Head's Tenn. Rep. 289), and *Wiser* v. *Blachly* (1 Johns. Ch. 438), and from it there would seem to flow the logical conclusion that the persons who may be entitled to the fund here in question, in the event of the death of the judgment debtor and all of his descendants during the life of the *cestui que vie*, are not necessary parties to this action, for nothing is really asked in the complaint, and nothing can properly be done by the court that will affect their interests.

The cases of *Riggs* v. *Cragg* (89 N. Y. 479) and *Matter of Gall* (182 N. Y. 270) are not in conflict with these views. Neither of those cases came up on demurrer, and in each of them there was an effort to compel distribution of a portion of the estate.

The substance of the second ground of demurrer is that the defendant Pierce is named only in his individual capacity, while the only cause of action alleged is against him as trustee. It is true that in the title he is named without any *officio designata*, and that the complaint does not allege any cause of action against him as an individual; but it is equally true that it contains an undoubted cause of action against him as trustee, and no other. We think that the case falls within the rule laid down in *Stilwell* v. *Carpenter* (62 N. Y. 639); *Beers* v. *Shannon* (73 N. Y. 292); *Litchfield* v. *Flint* (104 N. Y. 543), and *Knox* v. *Met. El. R. R. Co.* (58 Hun, 517; affd., 128 N. Y. 625), to the effect that the title of the action must

be read in connection with the allegations of the complaint in order to determine the capacity in which a party sues or is sued. Thus, if the pleading clearly shows that the cause of action is for or against a party in his representative capacity, the mere failure to add the official designation to the name in the title may be disregarded by the court or corrected by amendment (Code Civ. Pro., Sec. 723), and, conversely, if a party is designated as a representative when the cause of action is for or against him as an individual the affix to his name may be treated as surplusage. This is thoroughly consonant with the liberal rules of pleading and practice enjoined by the Code of Civil Procedure and supported by numerous decisions in the Supreme Court. It is undoubtedly the better practice to designate in the title of the action the capacity in which a party sues or is sued, but we do not think a failure to do so renders a pleading bad on demurrer if its context clearly and definitely fixes the legal character of the party suing or sued. There are many instances, of course, in which the neglect to properly denominate a party may prove fatal. That is the usual result when the pleading does not supply the defect in the title. The case of *First Nat. Bank* v. *Shuler* (153 N. Y. 163) is an illustration in point. That was a judgment creditor's action to set aside a general assignment as well as certain specific transfers alleged to have been fraudulent. The debtor died pending the action. His widow was appointed his executrix. She had originally been made an individual party defendant in the creditor's action. After her husband's death the plaintiff obtained leave to serve an amended complaint setting forth the fact of the debtor's death and his widow's appointment as his executrix, but no attempt was made to bring in the executrix as a defendant in her official capacity. The case proceeded to judgment in favor of the creditor, but was reversed in this court on the ground that the executrix had not been made a party in her representative capacity, and, therefore, was not bound by the judgment. The reason for the decision is readily discernible in the following brief extract from the opinion of Chief Judge Andrews,

He said : " The fact that the defendant Elizabeth N. Shuler was a party defendant in her individual character does not obviate the objection. She had a *separate individual interest* in the litigation, which was instituted in part to avoid transfers made to her by the debtor, and it was during his lifetime that she was joined as defendant in the action and answered the complaint. By his death and her appointment as executrix she was invested with a new character as the representative of her husband and his creditors and of his estate." In another part of his opinion the learned chief judge made it clear that the pleadings did not show that the executrix had been made a party in that capacity or that her interest as such had been considered or determined. The case at bar is the complete antithesis of that case. Here the defendant Pierce is simply named in the title as a party defendant, while every line of the complaint discloses that he is sued as trustee and in no other capacity.

It is suggested, however, that if the practice pursued by plaintiff herein is sustained, a judgment by default may be entered against a defendant in one capacity while he may regard himself as having been sued in another. That is one of the possibilities of such a situation. But similar dangers are incurred by every defendant who fails to appear when he is sued. In every such case a plaintiff may obtain greater or different relief than he may be entitled to, but that does not make the complaint demurrable. If it should be held, for instance, that this complaint does not state a cause of action against the defendant Pierce as an individual, and the title of the action should then be amended so as to conform to the allegations of the complaint, a personal judgment might still be rendered against him if he failed to appear. Of course, the plaintiff would have no legal right to such a judgment, but the mere fact that it was physically possible for him to obtain it would not render the complaint demurrable. We think the complaint clearly and unmistakably shows that the defendant Pierce is sued in his capacity of trustee and no other. Therefore, the mere omission to designate him as

trustee in the title to the action is not such a defect of pleading as to render the complaint bad on demurrer.

We shall not discuss at length the respondent's contention that the appeal should be dismissed in accordance with the practice indorsed by a majority of this court in *Abbey* v. *Wheeler* (170 N. Y. 122). It is enough to say that since it does not affirmatively appear that the final judgment herein was not entered in the Appellate Division, we shall assume that it was so entered, and hence there was no occasion for a second appeal to that tribunal before coming to this court.

For these reasons I dissent from the judgment about to be rendered and advise that the judgment of the Appellate Division should be reversed and that of the Special Term affirmed, with costs to the appellant in all the courts. 

CULLEN, Ch. J., GRAY and VANN, JJ., concur with HAIGHT, J.; BARTLETT, J., concurs with WERNER, J.; O'BRIEN, J., not voting.

Judgment affirmed.