JOHN KMETZ, General Guardian of JOSEPH KMETZ, an Infant, Respondent, v. GEORGE H. DE RONDE, Appellant.

Second Department, June 21, 1918.

**Real property — specific performance — right of plaintiff as general guardian of an infant to enforce contract to purchase executed by him individually.**

Where a complaint states a simple personal cause of action in the plaintiff against the defendant to enforce a contract for the purchase of land annexed to and made a part of the complaint, which contract is made by the plaintiff individually with the defendant, except that the words "general guardian of Joseph Kmetz, an infant," follow the plaintiff's name in the title of the action, and that there is an allegation that the plaintiff was appointed a general guardian and that at the commencement of the action he was and now is acting as such, the plaintiff is entitled to enforce the contract, although it has not been assigned or transferred to him as guardian. This because the complaint states no cause of action in favor of the general guardian, and the defendant was in no way misled or prejudiced in his defense, if he had any, and the judgment binds the plaintiff individually.

APPEAL by the defendant, George H De Ronde, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 19th day of November, 1917, upon the decision of the court after a trial at the Westchester Special Term.

The judgment directed the specific performance of a contract for the purchase of real estate by defendant.

*J. Wilson Bryant* [*Howard R. Bayne* with him on the brief], for the appellant.

*Rufus M. Overlander,* for the respondent.

KELLY, J.:

The complaint alleges that on February 24, 1916, the defendant entered into a written agreement with plaintiff, executed in duplicate, wherein the plaintiff agreed to sell, and the defendant to purchase, certain real property in the town of Harrison in Westchester county, for the agreed price of $6,950, to be paid for as provided in the agreement, copies of which are annexed as exhibits to *and made a part of the complaint;* that on the closing day the defendant refused to comply with the agreement notwithstanding plaintiff's readiness to perform, and the plaintiff asks judgment that defendant be directed to perform and to pay the purchase price and accept the deed. The only issue raised by the answer and presented on this appeal is whether the plaintiff has a right to enforce the contract, because defendant urges as a separate defense that his agreement was with John Kmetz individually, and not as guardian or in any other representative capacity, and defendant avers that the agreement attached to the complaint was between John Kmetz individually and not as guardian, and the defendant, "and said contract has not been assigned or transferred to the plaintiff by said John Kmetz." In the complaint already referred to, the plaintiff has inserted a paragraph in which he alleges "That on or about the 26th day of August, 1912, the plaintiff was, by an order made by one of the surrogates of New York county and duly entered in the office of the clerk of the Surrogates' Court of New York county, duly appointed the general guardian of Joseph Kmetz, an infant; that thereafter he duly qualified and entered upon his duties as general guardian and that at the commencement of this action he was and now is acting as such general guardian." The words following the plaintiff's name in the title of the action, and the above reference to his appointment as general guardian, are the only references made to the guardianship.

Otherwise the complaint states a simple personal cause of action in John Kmetz against the defendant to enforce the contract annexed to and made a part of the complaint, and which contract is made by Kmetz individually with the defendant. On the trial the defendant moved to dismiss the complaint on the ground that there was no evidence of assignment of the contract from Kmetz, the individual, to any one appearing as general guardian for Kmetz, an infant, and because the agreement was with Kmetz individually, and the motion being denied, defendant introduced in evidence a deed from John Kmetz, general guardian of Joseph Kmetz, an infant, to Elsie P. Westcott, dated December, 1914, and recorded in April, 1915, conveying the premises described in the complaint with other property, and then rested, renewing the motion to dismiss the complaint. The learned trial justice denied the motion and gave judgment for the plaintiff. The plaintiff proved that on the day fixed for closing the contract the plaintiff had procured a deed duly executed by Elsie P. Westcott, the owner of the premises, and her husband, to the defendant, and that this deed was tendered to the defendant, who refused to accept it, and the court so found. The court also found that while plaintiff was in fact the general guardian of the infant, the contract was executed by him as an individual; that he was acting for himself in his representative capacity, and in such representative capacity had ratified the plaintiff's actions as an individual. The court directed the defendant to specifically perform the contract. The appellant insists that no one can sue or be sued to enforce covenants contained in an instrument under seal, except those who are named as parties therein, and that persons suing or being sued in their official or representative capacities are, in contemplation of law, distinct persons and strangers to any right as an individual, and that plaintiff's action was not brought in his individual capacity. But we think the learned trial judge was right in his disposition of the case. There is no doubt about the cause of action created by the contracts set forth in the complaint; it is an individual cause of action in John Kmetz. The form of the judgment rendered is exactly as if the action were brought by Kmetz without the addition of the words complained of. The same defenses

and remedies, if there were any, were available to the defendant, whose liability will be discharged by his acceptance of the deed and payment of the purchase price. In *Leonard v. Pierce* (182 N. Y. 431), cited by appellant, Judge HAIGHT, writing for the court, refers to *Stilwell v. Carpenter* (62 N. Y. 639), where the action was entitled " Charlotte Stilwell, Executrix, etc." Upon the trial in that case the defendant moved to dismiss the complaint on the ground that the action was brought by the plaintiff in her representative capacity as an executrix. But the court held that it did not appear that the plaintiff sued as executrix; the cause of action proven was an individual cause of action, and that the word " Executrix," standing alone, without the word " as " preceding it, made the words " Executrix, etc., " merely *descriptio personœ*. In *Beers v. Shannon* (73 N. Y. 292), also cited by Judge HAIGHT in *Leonard v. Pierce* (*supra*), the plaintiff gave his name followed by the words " executor of the last will and testament of John Beers, deceased." He omitted the word " as " before " executor." The Court of Appeals referred to the fact that it had frequently held that without the word " as " the addition to the name of the party was simply *descriptio personœ*, but decided that it was apparent from the allegations of the complaint that plaintiff intended to sue in his representative capacity and that the description was sufficient for that purpose. But the reasoning in this last case supports the ruling of the trial judge in the case at bar, because, as the Court of Appeals says, although there be nought in the title of the process or of the complaint to give a representative character to the plaintiff, still " the frame, and averments and scope of the complaint may be such, as to affix to him such character and standing in the litigation." And Judge FOLGER in the *Beers* case cites *Stilwell v. Carpenter* (*supra*), and says: " In the case in hand, the averments of the complaint are such that the defendant had full notice of the questions to be tried; that there was a definite issue presented for trial; that the judgment to be recovered might show what was determined by it; and that any other question, dependent upon the character in which the plaintiff sued, could be readily presented. It was plain from the complaint that the cause of action, if any, devolved

Third Department, July, 1918.          [Vol. 183.

upon the plaintiff, as a representative of the deceased obligee, by the creation of a representative relation by the will." So, conversely, for the same reason, in the case at bar it is plain that the cause of action is the individual cause of action of John Kmetz. He does not sue as " general guardian of Joseph Kmetz;" the complaint states no cause of action in favor of a general guardian, and the defendant was in no way misled or prejudiced in his defense if he had any. We do not think it can be seriously contended that this judgment does not bind John Kmetz individually. If the defendant complies with the judgment, John Kmetz, the individual, has no grievance left, and if defendant had succeeded on the trial there is likewise no doubt of the binding force of the judgment on the individual plaintiff. If it were desired to be more precise in entering the judgment to strike out the words of description, the remedy was patent and easy by motion to amend. (See, also, *Litchfield* v. *Flint*, 104 N. Y. 543; *Ducker* v. *Rapp*, 67 id. 464; *Bingham* v. *Marine Nat. Bank*, 112 id. 661.)

I recommend affirmance of the judgment, with costs.

Present — JENKS, P. J., THOMAS, MILLS, KELLY and JAYCOX, JJ.

Judgment unanimously affirmed, with costs.