JOHN D. WING et al., Appellants, v. AMOS ROGERS, Respondent.

*It seems* the liability of sureties upon an undertaking given to stay pro-
ceedings in an action, depends upon its efficacy in accomplishing the
result contemplated, and if for any valid reason it is disregarded or
fails to secure the stay, it may not be enforced.

Upon application of the defendant in certain actions brought by plaintiffs
herein, a commission to take the testimony of a witness was issued, and
it was ordered that the trial of the actions should be stayed until the
return of the commission, provided defendant gave an undertaking
conditioned to pay any judgment recovered against him in either of
said actions.    Plaintiffs stipulated to accept the undertaking of a
surety company for a sum specified, and an undertaking on the part
of defendant to pay any judgments recovered in said actions over and
above said sum, and in accordance therewith the undertakings were
executed.    In an action upon defendant's undertaking, it appeared that
the witness whose testimony was required was a resident of this state, but
at the time the commission was issued in another country.    The
commissioner, on receipt of the commission, delivered it to the witness
to enable him to write out his answers to the interrogatories, which he did,
and returned it to the commissioner, but never signed or verified it or
appeared before the commissioner.    Said witness returned to this state
about eighteen months after the issuing of the commission, and the court
thereupon, on application of plaintiffs, vacated that portion of the order
which stayed all proceedings until the return of the commission, and
one of the actions was tried and judgment recovered against the defend-
ant therein.    *Held*, that the stay was granted not simply for the pur-
pose of delay, but to enable the defendant to procure through the com-
mission testimony material to him; that the undertaking operated as a
stay until the said defendant could procure the attendance of the wit-
ness in court, and so it secured the end sought; that the return of the
witness was equivalent to a return of the commission; that the under-
taking, therefore, was founded on a good consideration and plaintiffs
were entitled to recover thereon.

*Wing* v. *Rogers* (62 Hun, 383), reversed.

(Argued April 20, 1893; decided June 6, 1893.)

APPEAL from order of the General Term of the Supreme
Court in the first judicial department, made October 12, 1891,
which reversed a judgment in favor of plaintiff, entered upon
a verdict directed by the court, and granted a new trial.

This was an action upon an undertaking. The facts, so far as material, are stated in the opinion.

*Paul D. Cravath* for appellant. No condition can be implied unless it is so clearly the intention of the parties that it must necessarily be presumed to have been in their minds when they made the contract. The results of such an impli-cation in this case show that none could have been intended. (*H. C. Co.* v. *P. C. Co.*, 8 Wall. 276; *Aspdin* v. *Austin*, L. R. [5 Q. B.] 671; *Dunn* v. *Sayles*, Id. 685; Code Civ. Pro. §§ 902, 910.) The defendant has received all the considera-tion called for by the contract or the order. (Code Civ. Pro. § 910; *M. Church* v. *Barker*, 18 N. Y. 463.)

*R. Floyd Clarke* for respondent. An agreement to do that which the party is already legally bound to do cannot form a valid consideration. (Pollock on Cont. 162; *Crosley* v. *Wood*, 6 N. Y. 369; *Seybolt* v. *N. Y., L. E. & W. R. R. Co.*, 95 id. 562; *Robinson* v. *Jewett*, 116 id. 40.) The motion to direct a verdict for the defendant should have been granted. In the acceptance of this agreement under the order, there is an implied covenant on the part of the plaintiff to observe the stay given in the order which was the sole object of its execution and the sole consideration to support it. The commission never having been returned, the plaintiffs, having vacated the stay, cannot enforce the obligation. (*Hemingway* v. *Poucher*, 98 N. N. Y. 281; *Collins* v. *Ball*, 31 Hun, 187.) The order and undertaking should be read together. (*Sonneborn* v. *Libbey*, 102 N. Y. 539; *Bowe* v. *Wilkins*, 105 id. 322; *Knowles* v. *Coone*, 96 id. 534; *Goodwin* v. *Bunzl*, 102 id. 224.) They imply a condition precedent or consideration to be performed on the part of the plaintiffs, namely, that they should faithfully submit to and observe the stay of proceedings granted pend-ing the event named. (*Hemingway* v. *Poucher*, 98 N. Y. 201; *Collins* v. *Ball*, 31 Hun, 187; *Goodwin* v. *Bunzl*, 102 N. Y. 224.) It is true the agreement does not strictly conform to sections 810 and 812 of the Code, in that it is not acknowledged, and is not accompanied by the affi-

davit of each surety, nor is it approved by the court or judge, but all these points are formal requisites, which can be waived by the other party without invalidating the undertaking as such. (*Shaw* v. *Tobias*, 3 N. Y. 188 ; *Hill* v. *Burke*, 62 id. 111.) If the agreement is not to be looked upon as a statutory undertaking, but as a common-law obligation, the result is the same. (*Koehler* v. *Adler*, 78 N. Y. 287.) Assuming that the agreement is a common-law agreement, its true construction is that it contains, in connection with the order, an implied covenant on the part of the plaintiffs to observe the stay of proceedings until the return of the commission. (*Goodwin* v. *Bunzl*, 102 N. Y. 224 ; *Carr* v. *Sterling*, 114 id. 558 ; *C. S. & A. Assn.* v. *Read*, 124 id. 189.) Assume that there is an intrinsic difference between the two covenants, and that the difference lies in the fact that, in the one case, the party stayed can bring about the happening of the contingency by his own act, while in the other case the party stayed cannot bring about the happening of the contingency by his own act, but the same is dependent upon the will of others. This difference does not constitute a legal reason why the covenant held binding and valid in the former case, should be held to be of no effect and invalid in the latter. (Pollock on Cont. 353 ; *Broyden* v. *Marriott*, 2 Bing. [N. C.] 473.) It is claimed that the return of the witness Lewis, to New York from Chili, about a year after the commission issued, rendered its return impossible, and thereby discharged all liability on the part of the plaintiffs to perform their covenant to observe the stay pending such return. This is untenable. (Pollock on Cont. 356 ; *Harmony* v. *Bingham*, 12 N. Y. 99 ; Leake on Cont. 719.)

O'BRIEN, J. The plaintiffs recovered judgment against the defendant, as surety, upon an undertaking given to stay proceedings in an action pending, in behalf of the plaintiffs, against one Rowland N. Hazard. The General Term has reversed the judgment, and the appeal brings that decision here for review. It appears that there were three actions, and that two of them were consolidated, and that the undertaking

applied to the action as consolidated and another. In order to ascertain the consideration, scope and purpose of the instrument sued upon, it will be more convenient to give it here in full, with its recitals:

" Whereas, Rowland N. Hazard, the defendant in the above-entitled actions, on December 7th, 1888, obtained from this Court an order in both of said actions, staying the trials thereof until a return. of a commission issued to take testimony of Jared E. Lewis, as a witness for the defendant, provided that the said defendant should give an undertaking with sufficient sureties conditioned that said defendant will pay any judgments that may be recovered against him in these actions; and

" Whereas, the defendant has given an undertaking executed by the American Surety Company, conditioned to pay any judgments that may be recovered in these actions, or either of them, up to the amount of $7,500 ; and

" Whereas, Amos Rogers has given a bond for any amount which may be recovered against the defendant, which bond upon the execution hereof is to be considered canceled and null and void ;

" Whereas, the plaintiffs have stipulated to accept as sufficient undertaking by the American Surety Company and this undertaking :

" Now, therefore, in consideration of the premises, and one dollar to me in hand paid, I, Amos Rogers, of No. 45 Broadway, New York City, do, pursuant to the above order and stipulation, undertake that the said Rowland N. Hazard will pay any judgments that may be recovered against him in these actions, or either of them, over and above the sum of $7,500, secured to be paid by the American Surety Company, as aforesaid.

" It being understood that my liability hereunder is limited to the amount of the said judgment or judgments with interest, less $7,500.

" In witness whereof I have hereunto set my hand and seal, this 12th day of April, 1889.

"AMOS ROGERS.   [<small>SEAL.</small>] "

This instrument was executed and delivered in pursuance of an order of the court, entered on the 7th day of December, 1888, upon the application of the defendant in the actions, and which directed, among other things, that a commission issue out of and under the seal of the court, to a commissioner named, at Santiago, Chili, to examine one Jared E. Lewis as a witness, in behalf of the defendant, upon interrogatories to be annexed. It was further ordered that the trial of the actions be stayed until the return of the commission, provided that the defendant, within ten days from the date of the order, give and duly file an undertaking, with one or more sureties, to be approved by the court, conditioned that the defendant will pay any judgment or judgments that may be recovered against him in the actions or either of them. After the execution and delivery of the undertaking the interrogatories were settled and the commission issued. The witness was a resident of New York, but sojourning at Santiago where he was from early in December, 1888, to about the middle of September, 1889. The commission was received by the commissioner, who handed or sent it to the witness for the purpose of enabling him to write out his answers to the interrogatories, which he did and then returned it to the commissioner, but he never appeared before the commissioner to sign or verify the deposition, and thus the commission was never actually executed or returned. In the month of May, 1890, the witness returned to New York, and on the 8th of August following, the court, upon the plaintiff's application, vacated that part of the previous order which stayed all proceedings until the return of the commission. In November the action was brought to trial and judgment rendered for the plaintiffs therein, and executions issued and returned unsatisfied. The American Surety Company paid and this action was brought to recover from the defendant that part of the judgment covered by the terms of his undertaking. At first the defendant in the actions referred to attempted to comply with the order for a stay by an undertaking for the whole liability executed by the defendant. But that bond was never approved,

and subsequently it was arranged to accept bonds with separate liability for distinct parts of the demand from the surety company and the defendant, and thus the instrument in question was made and delivered. On the trial of this action both sides asked the court to direct a verdict, thus eliminating from the case all questions of fact. The trial judge held that the plaintiffs were entitled to recover and directed a verdict in their favor. The ground upon which the learned General Term reversed the judgment and, in effect, held that the direction should have been in favor of the defendant, was that the consideration for and condition of defendant's liability was the stay of proceedings until the return of the commission, and as it had not been returned and the stay had been vacated the defendant was not liable. When an action is brought against sureties upon a bond or undertaking given in an action, or upon appeal, the validity and force of the instrument depends upon its efficacy in performing the office or accomplishing the end or result contemplated by the parties at the time it was given. An instrument though properly executed and filed, which for any valid reason is disregarded or fails to secure the stay or accomplish the object for which it was given, is virtually without consideration and cannot be enforced against the sureties. When an undertaking on appeal to stay proceedings upon the judgment appealed from fails for any legal reason to secure the stay, and the judgment is enforced as if the bond had not been given, the sureties cannot be held liable.

The cases of *Hemmingway* v. *Poucher* (98 N. Y. 281) and *Collins* v. *Ball* (31 Hun, 187) illustrate this principle, and that the rule there sanctioned is sound and just cannot be questioned. The defendant in this case is liable if the instrument which he executed secured for his principal the advantages and benefits which the court had in view when granting the order, and which were fairly within the contemplation of the parties. This leads us to inquire what it was that Hazard wanted when he applied to the court for a commission with a stay. Clearly what he wanted was the testimony of an absent

witness. The main purpose of the order was to enable him to procure this testimony, and the stay was an incident made necessary by the principal purpose. Surely this stay was not asked or granted for the mere purpose of delay, but in order to enable him to have the commission executed and returned, and thus procure testimony material to his defense. He certainly had all the benefits of that stay from December, 1888, when it was granted, until August, 1890, when it was vacated. The stay was not vacated until the witness had returned to New York, and the commission could not then be executed, and moreover he was then within the jurisdiction of the court, and the party could procure his attendance at the trial. So that the instrument in question operated to stay all proceedings in the case until the witness returned to New York, when the party desiring his testimony could procure his attendance in open court. In view of this it is clear that the undertaking operated to secure the end and object which the court and the parties had in view, and if it did it is supported by a good consideration. On its face its conditions are simply that if the plaintiff in the actions recovered, the surety would pay the judgments. He did recover, and the judgments were not paid. But we have a right to look at the recitals and the legal proceedings, out of which it grew in order to determine its real consideration and conditions. Looking at all these, we think it is plain that the substantial thing which the party wanted and which he obtained was, not so much the return of a commission, executed or not, but an opportunity to procure the testimony of a witness who left South America before the commission was executed, and who returned to New York, where the trial was to be had, many weeks before the stay was vacated. As the commission could not be executed at the place to which it had been sent, it cannot be that the rights of the obligee in the bond depended upon such an idle ceremony as the return to the clerk's office of the blank documents, which were no longer of the slightest use to anyone. The return of the witness was equivalent to the return of the commission, and the stay until that time

satisfied every condition of the bond and every substantial right it was intended to procure. Had the commission been executed and returned and on file when the motion was made to vacate the stay the court could have suppressed it on proof of the fact that the witness had returned to his place of residence, and could be examined by the party desiring his testimony in open court and at the trial. (Code Civ. Pro. § 910.) But under such circumstances it could not very well be shown that the surety on the bond was discharged because the party was not allowed the benefit of the commission, but was obliged to procure the testimony in the regular way by compelling the attendance of the witness at the trial. There was no way that either party could compel the return of the commission. The court could only operate upon the stay, and as that was not disturbed until ample time had elapsed for the return and until the witness himself had returned and was subject to subpœna, there is no substantial ground of defense for the surety. To insist that he is entitled to have the paper issued under the seal of the court actually returned before an action can be maintained against him on his promise, is to subordinate important rights and obligations to the most trifling and meaningless forms. If the instrument on its face made that a condition of liability, the surety could, no doubt, insist upon it because he may stand upon the very terms of the obligation, but as we have seen it does not, nor was it the substantial end and object which was sought to be secured by the execution and delivery of the instrument.

For these reasons the order of the General Term should be reversed, and that entered upon the verdict affirmed, with costs.

All concur.

Order reversed and judgment affirmed.