(6 Misc. Rep. 575.)

### CARTER v. HODGE et al.

(Superior Court of Buffalo, General Term. February 2, 1894.)

1. STAY PENDING APPEAL—UNDERTAKING—FAILURE OF SURETY TO JUSTIFY.
   An undertaking given on an application for stay of proceedings pending appeal is of no effect where the sureties fail to justify.
2. SAME—VALIDITY.
   Where it appears on the hearing of an application for a stay pending appeal that an undertaking filed with the notice of appeal before making the application was intended as security for the stay, such undertaking is valid though the order granting the stay directed an undertaking to be filed within two days.

**3. SAME—COMMON-LAW AGREEMENT.**
    Where an undertaking was given for the purpose of procuring a stay of proceedings pending appeal, and the stay is granted, the undertaking is good as a common-law agreement, though not in compliance with the statute.

Appeal from trial term.

Action by James Carter against Charles J. Hodge and another. From a judgment dismissing the complaint on the merits, plaintiff appeals. Reversed.

Argued before TITUS, C. J., and HATCH, J.

Edward T. Durand, (George W. Cothran, of counsel,) for appellant. Henry S. Thayer, for respondents.

HATCH, J. The plaintiff had a verdict against the Buffalo Carette Company, and the latter moved for a new trial upon the minutes of the court, which was denied. Thereupon plaintiff entered judgment and issued execution thereon, and delivered it to the sheriff for enforcement, who made a levy upon property of defendant thereunder. Pending the levy, the Carette Company caused to be executed an undertaking, with the defendants herein as sureties, and at the same time appealed to the general term from the order denying the motion for a new trial. The undertaking was filed, with the notice of appeal, in the office of the clerk of the court, and a copy of the same was served upon the attorney for the plaintiff. Upon an affidavit setting forth these facts and others, together with a notice of motion asking for a stay of proceedings on the judgment pending the appeal, the attorney for the Carette Company applied to and obtained from the county judge of Erie county an order staying all proceedings on the part of the plaintiff and the sheriff to collect or enforce the judgment until the "hearing and determination of said motion, not exceeding twenty days" from a specified date. A copy of this order was served upon the sheriff, and the motion was brought to a hearing at a special term of this court, which thereupon made an order that execution on the judgment be stayed, pending the appeal taken, upon the appellant filing within two days "an undertaking that shall be deemed sufficient to protect the respondent upon the staying of the execution of said judgment." Thereupon a new undertaking was executed by the same sureties, and served. This undertaking was in all respects similar to the first, except that it contained the words, "for the purpose of staying execution of said judgment and order." Plaintiff excepted to the sufficiency of the last undertaking and the sureties therein who failed to justify. The order appealed from was affirmed at general term, and judgment of affirmance was entered with costs. Execution having been returned unsatisfied, plaintiff brings this action to recover the amount of the judgment and costs of the sureties in the first undertaking.

The court below held that the undertaking was not in conformity to any requirement of the statute, was without consideration as a common-law agreement, and was therefore void. A notice of appeal from the determination brings this case here.

It is conceded by both parties that the second undertaking, by reason of the failure of the sureties therein to justify, became inoperative for any purpose, and such undoubtedly is the law. Manning v. Gould, 90 N. Y. 476. When defendant appealed from the order denying its motion for a new trial, execution had issued upon the judgment. It was not essential to a review of the order that any security should be given. Code Civil Proc. § 1351. But it was essential, in order to secure a stay of execution, that an undertaking be given. This was undoubtedly in the mind of the attorney when he caused to be executed the undertaking, and filed and served the same, with his notice of appeal, as his object then was to procure a stay. The section of the Code above cited provides that a court or a judge thereof may make an order directing a stay, upon such terms, as to security or otherwise, as justice requires. When the undertaking was executed there was no order granting a stay, and none which prescribed what the security should be, if a stay should be granted. Consequently, in the sense that it was in pursuance of no order made by a court or judge, it was not given in pursuance of any statute, but was the voluntary act of the party. Had it so remained, it would encounter little trouble. It was executed, however, for a purpose, and that purpose was to make it a basis for a stay of proceedings on the judgment, pending the appeal, and it was in pursuance of such purpose that it was presented to the county judge as a basis for a stay. The county judge possessed the authority to make the order prescribed in section 1351, (Code Civil Proc. § 241,) and when he made the order granting the stay it was made to appear that this undertaking was given for the purpose of protecting, as it did in fact protect, the rights of plaintiff under the judgment. As the county judge had the authority to prescribe what security should be given before granting the stay, he also had authority to pass upon and adopt the security presented as he did; and when that was done this undertaking became as though executed in pursuance of an order made by the county judge upon an application for a stay, and, as such, was given in pursuance of the statute authorizing such security. It did in fact form the basis of staying all proceedings under the judgment for a period of 10 days. Having accomplished its object, does liability attach? It was held in Wing v. Rogers, 138 N. Y. 361, 34 N. E. 194, that liability was to be determined upon the efficacy of the undertaking to accomplish the result contemplated when the undertaking was given. This seems to be authoritative of the question presented. I am, also of opinion that this undertaking is good treated as a common-law agreement. It produced an order staying plaintiff's proceedings upon the judgment, and consequently was founded upon a good consideration. Goodwin v. Bunzl, 102 N. Y. 224, 6 N. E. 399; Wing v. Rogers, supra. Besides, it was under seal, which imports a consideration. Code Civil Proc. § 840. No evidence was offered to overcome this presumption, and it must be treated as conclusive here. Best v. Shiel, 79 N. Y. 15. The terms of the undertaking constitute an agreement upon the part of the sureties to pay the sum directed to be paid by the judgment if the order appealed from was

affirmed. When the order was affirmed, its effect was to make operative the right to enforce the judgment, and it was that judgment which the sureties agreed to pay, and is clearly embraced within the terms of the undertaking. The last undertaking did not have the effect of superseding the prior one. The failure of the sureties to justify left this undertaking as though it had not been given, but there was nothing in the order made upon the motion for a stay which affected the prior undertaking. That order simply required security which should be deemed satisfactory, the parties had the right thereunder to accept the undertaking already in existence, and it seems that this is what they did, as, the second undertaking failing, no attempt was made to enforce the judgment until the affirmance of the order. The Code (section 1351) contemplates that there may be more than one order for security made, but it does not provide that, where one undertaking has performed its office, it shall cease of effect because another is ordered executed. If the undertaking performs its office and accomplishes the purpose for which it was given, then liability attaches according to its terms, and it is not necessary that it should operate during the entire period of the appeal. As we have already seen, this undertaking was effective, and accomplished the purposes intended. Liability consequently attached, and plaintiff now becomes entitled to enforce it. It follows that the judgment appealed from should be reversed, and a new trial ordered, costs to plaintiff to abide event.