(73 App. Div. 468.)

BENNETT v. AMERICAN SURETY CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. June 20, 1902.)

APPEAL—UNDERTAKING—COSTS—EXTENT OF LIABILITY.

> An undertaking on appeal to the court of appeals stated that it was made pursuant to the statute, and that the surety undertook that appellant would pay all costs and damages awarded against him on appeal. Judgment absolute was rendered against appellant, with costs in all the courts. Code Civ. Proc. § 1326, pursuant to which the undertaking was given, provides that an appellant must give an undertaking to the effect that he will pay all the costs and damages which may be awarded on appeal. Held, that liability on such undertaking extended only to the costs of the appeal to the court of appeals, and did not include costs in all the courts.

Appeal from trial term, New York county.

Action by James Gordon Bennett against the American Surety Company of New York. From a judgment for plaintiff for a part of his demand, he appeals. Affirmed.

Argued before McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

F. B. Candler, for appellant.
M. D. Stern, for respondent.

PATTERSON, J. The plaintiff sued upon an undertaking given on an appeal to the court of appeals. It was executed in an action brought by one George Garby against James Gordon Bennett. Garby had obtained a judgment against Bennett, who moved for a new trial of the action in which it was entered, which motion was denied; but on appeal to the appellate division in the Second department the order denying the motion for a new trial, as well as the judgment against the defendant, Bennett, was reversed, and a new trial was granted, with costs to abide the event. Thereafter Garby appealed to the court of appeals from the order and judgment of the appellate division, and gave a stipulation that, in case the order should be affirmed, judgment absolute should be rendered against him. In connection with that appeal, Garby furnished the undertaking executed by the defendant in this action, the provision of which is as follows:

"Now, therefore, the American Surety Company of New York, having an office and principal place of business at No. 100 Broadway, in the city of New York, does hereby, pursuant to the statute in such case made and provided, undertake that the appellant will pay all costs and damages which may be awarded against the appellant on said appeal, not exceeding five hundred dollars."

The court of appeals affirmed the order of the appellate division, and directed judgment absolute in favor of Mr. Bennett, with costs in all the courts. In the present action it was shown that the costs in all the courts, as taxed, would amount to the sum of $465.31, which amount, it is not disputed, is collectible from Garby by execution. On the trial of the present action, which was before the court without a jury, the justice presiding held that as against the defendant, the American Surety Company of New York, the plaintiff, Bennett, was entitled to recover only the sum of $151.55 and interest; that being the amount of the costs in the court of appeals. The question arising upon this appeal is whether or not Mr. Bennett is entitled to recover the costs in all the courts taxable against Garby, or only those costs which accrued after the appeal was taken from the appellate division to the court of appeals.

If we were to have regard to the phraseology of the undertaking alone, it would seem to be quite clear that the surety company did undertake to pay all the costs that might be awarded on the appeal, the reasonable construction of which would seem to be the amount that might be awarded by the court of appeals on the determination of the appeal. However, the subject is one which is not left open to original construction, but has been determined by the court of appeals. The undertaking sued on in this case was given pursuant to the provisions of section 1326 of the Code of Civil Procedure, and was required in order to perfect an appeal to the court of appeals, and not to stay proceedings. It is provided by that section that to render a notice of appeal to the court of appeals effectual for any purpose, except where otherwise specially prescribed by law that security is not necessary to perfect an appeal, the appellant must give a written under-

taking to the effect that he will pay all costs and damages which may be awarded against him on the appeal, not exceeding $500. This section, as to the requirement that the surety will pay all costs and damages which may be awarded on the appeal, irrespective of the amount, is a re-enactment of section 334 of the Code of Procedure; and under that section it has been held by the court of appeals in Post v. Doremus, 60 N. Y. 371, and Burdett v. Lowe, 85 N. Y. 241, that where an undertaking is given merely to perfect an appeal to the court of appeals, and not to operate as a stay, the undertaking covers only what the statute calls for, and that is such costs as are taxed as costs of the appeal to the court of appeals. The question here is as to the measure of liability of the surety company under its contract, and not the amount of costs recoverable of the plaintiff in the action in which that undertaking was given. Therefore, as the court of appeals has, in the cases cited, determined the meaning of the words "on the appeal" in an undertaking given under an analogous provision of law, we must follow its decision.

The judgment appealed from should be affirmed, with costs. All concur.