ROBERT GRAFTON, Appellant, *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondent.

**Trial — when new trial was granted on conditions but was not had because plaintiff appealed from the order which was reversed and judgment reinstated, the surety on undertaking for new trial need not pay reinstated judgment upon defendant's failure to pay the same.**

The court granted a motion to set aside a verdict upon the condition among others that defendant file an undertaking conditioned for the payment of any judgment which may be recovered by the plaintiff against him with which condition defendant complied. Plaintiff appealed from the order which was reversed and the verdict of the jury reinstated, whereupon judgment was entered thereon. In this action to recover on the undertaking, *held,* that the purpose of the undertaking was to obtain a new trial, and its condition should be construed and enforced with reference to that purpose, and so construed it covenanted only to pay any judgment resulting from or arising by reason of a new trial. Hence, the complaint was properly dismissed.

*Grafton* v. *U. S. Fidelity & Guaranty Co.,* 175 App. Div. 950, affirmed.

(Argued October 10, 1919; decided October 21, 1919.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department,

entered December 6, 1916, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Vine H. Smith* and *John B. Johnston* for appellant. The defendant, by its undertaking, in plain terms and in accord with the manifest scope of the court's order, has guaranteed payment of the judgment against Ball recovered by plaintiff in the action in which defendant's undertaking was filed. (*Caponigri* v. *Cooper,* 70 App. Div. 124; *Doon* v. *Amer. Surety Co.,* 110 App. Div. 215; 186 N. Y. 598; *Scott* v. *Duncombe,* 49 Barb. 73; *Sonneborn* v. *Libbey,* 102 N. Y. 539; *Peschmanns* v. *Nat. Surety Co.,* 93 Misc. Rep. 321; 172 App. Div. 955; *Ulster Sav. Inst.* v. *Young,* 161 N. Y. 23; *Utica, etc., Bank* v. *Grim,* 222 N. Y. 207; *United Surety Co.* v. *Meenan,* 211 N. Y. 39.) There is no basis for the contention that there is a lack or a failure of consideration for defendant's undertaking. The plaintiff suffered, and defendant's principal procured, a stay of plaintiff's right to enter judgment for seven months, and this stay, upon elementary principles and under controlling decisions, constitutes ample consideration for the undertaking. (*Street* v. *Galt,* 136 App. Div. 724; 202 N. Y. 575; *Wing* v. *Rogers,* 138 N. Y. 361; *Goodwin* v. *Bunzl,* 102 N. Y. 224; *Decker* v. *Judson,* 16 N. Y. 349; *City of Mt. Vernon* v. *Brett,* 193 N. Y. 276.) The defendant is not exonerated from the obligation expressed in its bond by reason of the fact that the provision for a new trial in the order pursuant to which that bond was filed was eventually reversed. The bond was required as a condition of the court's order setting the verdict aside and thereby subjecting the plaintiff to delay. Protection against such delay was not made contingent upon plaintiff's acceptance of the direction for a new trial or his waiver

of his right to attack that direction on appeal. The delay is not less real or outside the scope of defendant's undertaking because of the adjudication that it was wrongly imposed upon plaintiff. (*Ettlinger* v. *Nat. Surety Co.*, 221 N. Y. 468; *Severson* v. *Macomber*, 212 N. Y. 282; *People ex rel. R. & J. Co.* v. *Lazansky*, 208 N. Y. 435; *Clancy* v. *R. R..Co.*, 226 N. Y. 213.)

*William J. McArthur* and *Leonidas Dennis* for respondent. The undertaking failed to accomplish the purpose for which it was given; the consideration for which the bond was given entirely failed and the bond is, therefore, unenforceable. (*Wing* v. *Rogers*, 138 N. Y. 361; *Hemingway* v. *Poucher*, 98 N. Y. 281; *Carter* v. *Hodge*, 150 N. Y. 532; *People* v. *Backus*, 117 N. Y. 196; *Manning* v. *Gould*, 90 N. Y. 476.)

CHASE, J.   Grafton, the plaintiff in this action, prior to February 23, 1914, brought an action against one Ball on contract. The issues joined in that action came on for trial in Kings county on that day, and the jury rendered a verdict in favor of Grafton for $7,000. A motion was then made by Ball to set aside the verdict and for a new trial upon all the grounds stated in section 999 of the Code of Civil Procedure, and the court entertained the motion. While the motion was pending Ball made a further motion to set aside the verdict on the ground of newly-discovered evidence.

On March 14, 1914, the court made an order denying the motion on the grounds stated in said section of the Code, but granted the motion to set aside the verdict upon the ground of newly-discovered evidence, upon condition (1) that within five days Ball pay the plaintiff's taxable costs and disbursements including trial fee. (2) That within five days he file an undertaking with sufficient surety in the penal sum of $14,000, " conditioned for the payment of any judgment which may

be recovered by the plaintiff against him." (3) That he shall stipulate that the case be set for retrial on the fourth Monday of March, 1914, and that he shall be ready for trial on that day. (4) That if the conditions are not complied with the motion to set aside the verdict upon the ground of newly-discovered evidence be denied. The court further ordered that the clerk of the court set the case for trial at the head of the day calendar for the fourth Monday of March, 1914, providing Ball complied with the conditions in said order imposed.

Ball complied with the conditions of the order, and in pursuance thereof on March 19th the defendant in this action executed on behalf of said Ball an undertaking conditioned " That the defendant, John Oscar Ball, will pay any judgment that may be recovered by the plaintiff against said defendant in this action."

The fourth Monday in March, 1914, was the twenty-third of that month. Instead of proceeding to a retrial the plaintiff, on Saturday, March 21st, immediately preceding the fourth Monday on which the order provided that the trial should take place, appealed to the Appellate Division from said order dated March 14th, 1914, so far as it granted a new trial. The Appellate Division on October 16th, 1914, reversed the order so far as appealed from and reinstated the verdict of the jury. On October 21st, 1914, the plaintiff entered judgment on the verdict so reinstated against Ball for $7,610.78. Execution was duly issued on said judgment and returned wholly unsatisfied. This action was then brought upon said undertaking. The facts substantially as hereinbefore stated were alleged in the defendant's answer and it denied liability.

The only question involved on this appeal is whether the defendant by its undertaking contracted to pay any judgment against the said Ball other than one obtained as the result of a new trial. The liability of the defendant must be determined, having in mind the purpose

for which the undertaking was given. It was not given to stay the entry of judgment upon the verdict. It was given for the purpose of setting aside the verdict and as a condition of obtaining a new trial. It was to obtain an order by which the verdict was to be unqualifiedly and absolutely held for naught. Upon the entry of the order and compliance therewith and so long as it remained in force no judgment in the action could ever be had against Ball until a retrial thereof and a determination of the issues in favor of the plaintiff. The possible reversal of the order does not seem to have been considered by the parties. The reversal of the order of March 14th enabled the plaintiff to enter judgment upon the verdict which from the entry of said order of March 14th and compliance therewith had been non-existent.

The fact that the time during which the verdict was non-existent was lost to the plaintiff, as if he had been stayed during that time from entering judgment, does not show that the undertaking was given to accomplish a stay. We should look at the undertaking and the recitals therein and the legal proceedings out of which it grew in order to determine its real consideration and conditions. (*Wing* v. *Rogers*, 138 N. Y. 361.) The purpose of the undertaking was to obtain a new trial, and its condition should be construed and enforced with reference to that purpose, and so construed it covenanted to pay any judgment in the action against Ball resulting from or arising by reason of the new trial. We do not mean to say that the order could not have been made upon condition that the defendant give an undertaking providing for the payment of any judgment that should be entered against Ball in the action upon a new trial, and also any judgment that should be entered on the verdict which was by the order set aside in case such order setting aside the verdict was thereafter reversed. We hold that it was not the purpose of the parties in giving and accepting the undertaking to include in the

condition thereof the payment of a judgment entered upon the verdict after the reversal of the order appealed from.

The judgment should be affirmed, with costs.

HISCOCK, Ch. J., COLLIN, HOGAN, POUND, McLAUGHLIN and CRANE, JJ., concur.

Judgment affirmed.