JOHN KMETZ, General Guardian of JOSEPH KMETZ, an Infant, Respondent, v. HENRY DERONDE and Others, Appellants.

First Department, March 5, 1920.

**Appeal — action on undertaking given on appeal in suit for specific performance — failure of vendor to tender deed conveying premises free from incumbrances other than those mentioned in decree — tender of damages and costs by obligors — when obligors not liable on undertaking for refusal of vendee to accept insufficient deed — evidence of incumbrances not removed by vendor.**

Defendants who have given the usual undertaking on an appeal from a decree in a suit for specific performance cannot be held liable on their undertaking for the costs of legal proceedings which took place subsequent to the appeal and subsequent to the execution of their undertaking and which were in no wise contemplated when the undertaking was given.

Where the decree of specific performance from which the appeal was taken required plaintiff to deliver a deed "free of all incumbrances except such as are therein mentioned," but as a matter of fact the premises were subject to a number of other incumbrances which were not satisfied and removed by the plaintiff before tendering the deed required by the decree of specific performance, and the defendants on affirmance of the judgment of specific performance tendered all damages and costs awarded in the action, they cannot be held in the full penal sum stated in the bond because the defendants in the suit for specific performance refused to accept the deed offered by the plaintiff which was not free of other incumbrances, as required by the contract of sale.

It was error for the court to hold that the obligors became liable for the full penal sum mentioned in the bond because the vendees refused to accept a deed which purported to convey the premises free of all incumbrances except those mentioned in the deed, but which did not in fact convey such title.

The only liability of the defendants was upon the undertaking which they signed and they are entitled to invoke the rule of *strictissimi juris* as measuring their obligation under the undertaking, and the instrument should not be extended by construction beyond its plain terms.

Moreover, as the undertaking only required the defendants to pay such damages as might be awarded on the appeal "not exceeding Nine Thousand Dollars," the full penal sum could not be charged against them without proof of damages.

Furthermore, as the plaintiff failed to deliver to the vendee the deed required, the vendee properly refused to accept the same and the sureties on the undertaking were relieved from liability in regard to the non-performance of the contract.

In an action on the undertaking, the obligors were entitled to prove the incumbrances upon the property other than those specified in the contract of sale which had not been removed and satisfied by the vendor.

APPEAL by the defendants, Henry De Ronde and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 15th day of September, 1919, upon the decision of the court after a trial without a jury.

*Howard R. Bayne,* for the appellants.

*John Vernou Bouvier, Jr.,* of counsel [*Rufus M. Overlander,* attorney], for the respondent.

MERRELL, J.:

This appeal is from a judgment rendered in favor of the plaintiff and against the defendants for $9,712.90.

The action was brought to recover the sum of $9,000 and interest upon an undertaking executed by the defendants, as sureties, to stay execution on an appeal by the defendant from a judgment rendered in favor of the plaintiff and against one George H. DeRonde in an action to compel specific performance on said defendant's part of a certain contract for the sale of real property situate in Westchester county. The judgment in the action for specific performance was entered in Westchester county November 19, 1917, and directed that said contract be specifically performed, and that the defendant pay to the attorney for the plaintiff " the balance of the purchase price as follows: The sum of $150, the sum of $490.88, interest on the said sum of $6,750 and the balance of $6,600, by the defendant assuming the mortgages now a lien on said premises to the amount of $6,600 under the terms of said contract and pay the taxes for the years 1916 and 1917 which has been assessed against said property since the date of the execution of said contract and accept the deed hereinafter described simultaneously therewith." The judgment decreeing specific performance further provided: " That the plaintiff's attorney upon the payment by said defendant of said sums of money as hereinbefore stated and upon defendant producing the tax receipts for the years 1916 and 1917, do simultaneously therewith deliver to said defendant or to his said attorney herein the deed executed by Elsie P. Wescott and husband dated May 4th, 1916, to George H. DeRonde conveying the fee to said premises to said George H. DeRonde

with full covenants free of all incumbrances except such as are therein mentioned."

Said judgment further awarded costs and disbursements in plaintiff's favor of the sum of seventy-four dollars and twenty-six cents, and directed the defendant to pay the same. The judgment further provided that in default of plaintiff's attorney appointing a time within ten days after the service of a copy of the judgment with notice of entry thereof to accept the balance of the purchase price and interest, as provided by the judgment, " and deliver the said deed and title to said premises as aforesaid," then judgment should be rendered in defendant's favor against the plaintiff, with costs and disbursements of the action. The judgment for specific performance concludes with the following provision: " That either party to this action may apply to this court at any time hereafter for such other, further, or different relief as is just and equitable in the premises."

The only issue tried in said action was as to the legal capacity of the plaintiff to sue, the defendant alleging as a separate and distinct defense to the complaint that the contract which the defendant was asked to specifically perform was in writing and executed by the plaintiff individually and not as guardian or in any other representative capacity, and that, therefore, the plaintiff could not, as general guardian, maintain an action to require specific performance. That was the only issue raised by the answer and was the sole issue litigated upon the trial of that action. The court therein found for the plaintiff and decreed that the defendant specifically perform the contract in the manner aforesaid and as provided by said judgment. Without passing upon the validity of the title, the judgment required the plaintiff, at the same time that the defendant, under the provisions of the judgment, made the payments therein provided, to deliver a deed " conveying the fee to said premises to said George H. DeRonde, with full covenants, *free of all incumbrances except such as are therein mentioned.*" The defendant George H. DeRonde appealed from said judgment to the Appellate Division of the Second Department where the judgment and decree requiring such specific performance was affirmed by that court. (183 App. Div. 736.) The only questions presented upon said appeal and decided by the appellate court were those raised by the pleadings as before

stated. It was upon this appeal that the undertaking upon which a recovery has been had in this action was given. The undertaking was not executed by the defendant, appellant, in that action, but was executed by each of the defendants herein as sureties. The undertaking upon which this action was brought and upon which a recovery has been had was in the usual form of an undertaking on appeal from a judgment and to stay execution. The undertaking recites the recovery of the judgment in plaintiff's favor for the specific performance on defendant's part and requiring the defendant to pay $715.14, damages and costs, and that the appellant, feeling aggrieved thereby, intended to appeal to the Appellate Division of the Supreme Court therefrom. After such recitals the defendants then undertake as follows:

"Now, therefore, we Henry DeRonde, residing at Spring Valley, in New York, and Laura DeRonde residing at No. 48 East Eighty-ninth Street, in New York City, and Anna DeRonde residing at No. 48 East Eighty-ninth Street, N. Y. City do hereby jointly and severally undertake that if said judgment so appealed from or any part thereof is affirmed, or the appeal is dismissed, the appellant will pay the sum recovered or directed to be paid by the judgment, or the part thereof as to which it is affirmed and specifically perform the contract as directed by the court and that the said appellant will pay all costs and damages which may be awarded against him on the appeal, not exceeding Nine Thousand Dollars."

The undertaking is executed by the defendants under their hands and seals, and was duly acknowledged by each defendant executing the same.

By the terms of the contract, specific performance of which was thus decreed, the total purchase price of the property was $6,950, $200 of which was paid upon the execution of the contract, $150 was to be paid in cash upon the delivery of the deed, and the balance, $6,600, which covered certain mortgages resting upon the property at the time the contract was made, was to be paid by the vendee assuming said mortgages. The contract provided: "And the said party of the first part, on receiving such payment of Six Thousand Nine Hundred and Fifty Dollars, at the time and in the manner above mentioned,

shall at his own proper costs and expenses, execute, acknowledge and deliver, or cause to be executed, acknowledged and delivered to the said party of the second part, or to his assigns, a proper deed containing a general warranty and the usual full covenants for the conveying and assuring to him or them the fee simple of the said premises, free from all incumbrance except as aforesaid   *   *   *."

The judgment in the action to compel specific performance of said contract followed its precise terms.   Indeed, it could do no more.   The action was brought to compel *specific performance of said contract.*   The court could not have intended nor by the decree provide that the defendant must accept less than the contract called for, namely, title " free from all incumbrance " except as specified in the contract.

The $715.14 recited in the undertaking as damages and costs provided in the judgment in addition to specific performance of the contract, was composed of the item of $150, balance of the purchase money to be paid upon delivery of the deed, the sum of $490.88, interest on the balance of the purchase money remaining after the payment of the $200 upon the execution of the contract, and the sum of $74.26, the costs and disbursements of said action.   The judgment directed the payment by said defendant of the balance of the purchase price of said property, $6,750, of which $150 was to be paid in cash and the balance, $6,600, was to be paid by the said defendant "·assuming the mortgages now a lien on said premises to the amount of $6,600 under the terms of said contract and pay the taxes for the years 1916 and 1917 which has been assessed against said property since the date of the execution of said contract." Under the terms of the judgment the payment of the items of said $150 and $490.88 was only upon the delivery to the defendant by the plaintiff of the deed of conveyance mentioned in the judgment conveying to him the property " free of all incumbrances, except such as are therein [in the deed] mentioned." It would, therefore, seem that under the judgment, as affirmed by the Appellate Division, the defendant was obligated to do two things: *First,* to pay the costs of the action, together with the costs and disbursements of the appeal.   The costs of the action were $74.26.   The costs and disbursements of the appeal were $100.85.   *Second,* to pay $150 as part of the

purchase price, and interest on the purchase money, $490.88, at the time, or, as expressed in the judgment, " simultaneously " with the delivery of a deed conveying said real estate to said vendee " *free of all incumbrances, except such as are therein mentioned.*" Until such a deed was delivered to the purchaser, the latter was not called upon to make either of said last-mentioned payments, nor to specifically perform said contract.

Subsequently to the taking of the appeal by the defendant from said decree of specific performance, and subsequently to the execution by the defendants of the undertaking upon which a recovery has been had herein, and, indeed, subsequently to the affirmance of said decree, certain proceedings were taken by and on behalf of said defendant to which these defendants were not parties and by which they are not bound by virtue of their undertaking. After the affirmance by the Appellate Division of the said decree of specific performance, the defendant procured an order to show cause, returnable before the justice who granted said decree, requiring the plaintiff to show cause why said defendant should not be relieved under the final clause of said judgment from specific performance of said contract, and why the defendant should not be released from obligation to take title to said premises or to accept a deed thereof, unless certain incumbrances thereon in addition to those mentioned in the deed should be removed, to the end that the defendant should receive title to the real property subject only to the incumbrances mentioned in said contract. Upon the return of said order to show cause the learned justice did not grant the defendant the relief sought, but directed that the judgment be " opened and set aside so as to have the mortgages reduced to conform to the contracts set forth in the complaint and to allow the defendant, and the defendant is hereby allowed, to serve an amended answer pleading the restrictive covenants and the grants set forth in the said affidavit of G. N. Curnow as a defense to a specific performance of said contract." Under the terms of the order the amended answer was to be served within ten days after notice of entry of the order. An appeal was taken by said plaintiff from said order to the Appellate Division where the same was reversed, with the costs and disbursements of the appeal, upon the ground that the court had exceeded its discretion in setting aside a judgment

which had been affirmed by the Appellate Division, merely to permit the defendant to present defenses which he had failed to interpose in the first instance. That the court deemed the defendant not without relief was indicated by the suggestion: " The judgment itself furnishes, by the last clause, a means by which defendant may protect himself against being compelled to take the title if the property is incumbered by mortgages other than those set forth in the contract." (See 186 App. Div. 909.)

It is the contention of the respondent upon this appeal that under the decree of specific performance the defendant was obliged to accept the deed of the premises described in the judgment as executed by Mrs. Elsie P. Wescott and husband, dated May 4, 1916, which deed conveyed to the defendant the fee of said premises with full covenants free of all incumbrances, and that under said decree granted at Special Term and affirmed by the Appellate Division the tender of such a deed met every requirement that the defendant could exact. The defendant contends, to the contrary, that the decree of specific performance required not only the delivery to him of the deed of the grantor and her husband conveying to defendant the fee to said premises with full covenants, but that such conveyance should be in fact as well as in name free of all incumbrances, except such as are therein mentioned.

Prior to the execution of the undertaking in suit, plaintiff's attorney served the notice provided for in said decree for closing the title thereunder, said notice being for November 30, 1917. Before said notice was returnable this appeal was taken, and there was no appearance on the return day thereof. Subsequently to the reversal of the order of the Special Term directing that the judgment of specific performance be opened and the defendant be permitted to serve an amended answer, inquiry was made by the plaintiff's attorney of the attorney for the defendants herein as to when the defendant in the specific performance action would be ready to take title to the property. The attorney for the defendants replied that the vendee was ready at any time to take title required by the judgment of specific performance, and directed the attention of the plaintiff's attorney to the fact that besides the incumbrances upon the property mentioned in the deed there were other incumbrances thereon, all of which under the terms of the judgment

of specific performance must be removed before the defendant could be asked to accept said deed and perform on his part. It was claimed by the attorney for the defendants, and is undisputed, that there were other mortgage liens upon said property in addition to those mentioned in the deed and which were, under the terms of the contract, to be removed by the plaintiff, amounting to $2,725; that in addition thereto, the said premises were incumbered by various restrictive covenants running with the land limiting the use of the property in question. Also, that certain grants had been made to certain public service corporations of easements upon the premises covered by the deed which were incumbrances thereon, and that there were also unpaid taxes prior to the years 1916 and 1917 upon said premises under which sales of said premises for taxes had been made. The court excluded proof of these incumbrances upon the trial herein. The respondent does not seriously dispute the existence of such incumbrances, but asserts that the defendant is bound by the decree of specific performance.

Subsequently to the reversal on appeal of the order of the Special Term opening said decree of specific performance and permitting the defendant in said action to serve an amended answer, the defendants herein tendered to the plaintiff the sum of two hundred and sixty-two dollars and eighty-three cents. This tender was refused by the plaintiff, and it was claimed upon the trial in plaintiff's behalf that the tender was insufficient because it did not include certain disbursements of the plaintiff in this action, amounting to six dollars. The tender of said sum was made by defendants to plaintiff on January 2, 1919, and included the costs and disbursements awarded to plaintiff by the judgment of specific performance, together with interest to and including the time of such tender, amounting to seventy-nine dollars and twenty-six cents. It also included the costs and disbursements awarded the plaintiff by the judgment of affirmance of said decree of specific performance, with interest to the date of tender, amounting to one hundred and three dollars and ninety-three cents. Said tender also included fifteen dollars costs of this action to the date of the tender. There was also included in such tender the sum of sixty-four dollars and sixty-four cents, being the costs and disbursements on the appeal of the plaintiff from the order of the Special Term

opening said decree of specific performance and permitting the defendant to answer, together with interest to January 3, 1919. Under no aspect of the case could the defendants herein be charged with said last-mentioned costs, as they were not parties to said proceeding, and the same was had subsequently to the execution of their undertaking and was in nowise contemplated thereby. Therefore, the tender of two hundred and sixty-two dollars and eighty-three cents covered every possible item of costs chargeable against these defendants. Their failure to tender six dollars to cover disbursements herein was amply overcome by the tender of the sixty-four dollars and sixty-four cents costs for which these defendants were in nowise liable. This tender was refused by the plaintiff, and within ten days thereafter the amount thereof was paid into court, upon notice to the plaintiff.

Following the refusal of the defendant to specifically perform on his part the terms of said contract until the plaintiff should deliver the deed in conformity to the provisions of the decree of specific performance, " free of all incumbrances, except such as are therein mentioned," plaintiff's attorney wrote the attorney for the defendant by letter dated November 27, 1918, that the plaintiff was ready to close title to the property at one o'clock on Saturday afternoon of December 7, 1918, at the office of the defendant's attorney. The defendant's attorney replied under date of December 3, 1918, that the grantee would decline to receive any deed, "unless it conforms to the judgment" of November 19, 1917, viz., "conveys to him a fee simple title to the premises * * *, subject only to the mortgages and the taxes specified in the judgment and free from all other incumbrances." In this letter the attorney for said defendant called attention to the fact that the title was then subject to other taxes prior to the year 1916, and that there were other incumbrances upon said premises, and that the defendant was ready and desired to pay to plaintiff all costs and disbursements awarded against him, and that the attorney for the defendant would be glad to send plaintiff's attorney a check with interest to the date of payment, if he would accept the same.

Upon the trial of the action it appeared there was no evidence presented as to any damages awarded against the appellant on the appeal from the decree of specific performance. The under-

taking was that the appellant should pay the sum recovered or directed to be paid by the judgment or the part thereof as to which it was affirmed and specifically perform the contract as directed by the court, " and that the said appellant will pay all costs and damages which may be awarded against him on the appeal, not exceeding Nine Thousand Dollars." Among the facts found by the learned justice below were:

" 4. That by the terms of said order of April 9th, 1918, and the said undertaking, the defendants became jointly and severally bound in the penal sum of $9,000 for the faithful performance of the said judgment."

Also, " 10. That the plaintiff suffered damages in the sum of $9,000, with interest from the 21st day of June, 1918, amounting to the sum of $563.68, together with costs."

And as a conclusion of law the learned justice below found:

" IV. That the amount of damages is fixed by the order and undertaking in the sum of $9,000."

Thereupon the court directed judgment for the full amount claimed, namely, $9,000, besides interest from June 21, 1918, and upon which the judgment appealed from was entered. The court thus treated the undertaking upon which this action was brought as a bond conditioned in the full penal sum of $9,000, with the payment of which the defendants are by the judgment rendered required to pay, together with interest thereon. The court ignored the provision of the undertaking that the appellant would " pay all costs and damages which may be awarded against him on the appeal, not exceeding Nine Thousand Dollars." The learned court below held plaintiff was not required to deliver or tender a deed conveying a fee simple interest free of all incumbrances except those mentioned in the deed, and that by reason of the refusal of the defendant to accept a deed which purported to convey but which did not in fact convey such title, the defendants became liable upon their undertaking, and that without further proof and without any proof of actual damages, plaintiff was entitled to judgment upon the undertaking for $9,000 and interest.

I think the judgment of the court below was erroneous and should be reversed. The only liability of these defendants was upon the undertaking which they signed. They are entitled to invoke the rule of *strictissimi juris* as measuring

their obligation under the undertaking. The instrument should not be extended by construction beyond its plain terms. (*National Mechanics' Banking Assn.* v. *Conkling,* 90 N. Y. 116; *McCluskey* v. *Cromwell,* 11 id. 593; *John Hancock Mutual Life Ins. Co.* v. *Lowenberg,* 120 id. 44; *Ward* v. *Stahl,* 81 id. 406.) By their undertaking the defendants jointly and severally undertook that if the judgment so appealed from or any part thereof was affirmed, or the appeal was dismissed, *first,* that the appellant would pay the sum recovered or directed to be paid by the judgment or the part thereof as to which it is affirmed; *second,* that the appellant would specifically perform the contract as directed by the court; and, *third,* that the said appellant would pay all costs and damages which might be awarded against him on the appeal, *not exceeding* $9,000. By this undertaking the sureties undertook in case of affirmance of the judgment appealed from or the dismissal of the appeal, that the appellant would pay any sum directed by the judgment so affirmed and would pay all costs and damages which might be awarded against him on the appeal, not exceeding $9,000. The only sum directed by the judgment to be paid by the appellant was the costs therein mentioned, except that the appellant was required to pay the balance of the purchase price together with interest on the entire purchase price upon delivery of the deed free of all incumbrances, except those therein mentioned. The second obligation of the parties to the undertaking was that the appellant would pay all costs and damages awarded against him on the appeal not exceeding $9,000. There were no damages awarded against the appellant on the appeal. The only sum which he was required by the order of affirmance to pay was the sum of $100.85, costs of the appeal. The costs provided by the decree of specific performance and the costs awarded by the judgment of affirmance were, as before stated, tendered to the plaintiff and paid into court. The only other obligation of the defendants was that the appellant would specifically perform the contract as directed by the court. The only possible default of the appellant rendering these defendants liable upon their undertaking was his failure to " specifically perform the contract as directed by the court." The court directed that he should perform the things by him to be done simultaneously with the delivery to him or

to his attorney of a deed of the property conveying to him the fee thereof " free of all incumbrances," except such as were mentioned in the deed. Such a deed was never delivered or tendered to the defendant or his attorney. The only undertaking of the defendants was to pay all costs and damages which might be awarded against the appellant on the appeal, not exceeding $9,000. The only award against the appellant on the appeal has been tendered in his behalf and refused by the plaintiff. Performance on appellant's part of the contract as directed by the court was prevented by plaintiff's failure to deliver the deed provided in the decree. I think the plaintiff's failure to tender such a deed furnishes ample excuse for appellant's failure to perform. I think the court was not justified in treating the instrument executed by the appellants as a bond upon which, even though the appellant had failed to specifically perform the contract in suit, the court could award judgment for liquidated damages in the full amount provided by said undertaking. The obligation of the defendants was merely in case of the appellant's default to pay " all costs and damages which may be awarded against him on the appeal, not exceeding Nine Thousand Dollars." Clearly, the awarding of the damages on the appeal was a condition precedent for holding the appellants liable upon their undertaking. So far as any obligation ever existed on the part of the appellants to pay money under their undertaking, they have fully discharged the same. The only award against the appellant on the appeal was the costs of said appeal. Those costs were eliminated so far as this action was concerned by the tender and payment of the amount thereof into court along with the tender and payment into court of the costs provided in the decree of specific performance, together with interest thereon. The court below made no finding that any damages were rendered against the appellant on said appeal. The courts have held where an undertaking provided, as here, that " the appellant will pay all costs and damages which may be awarded against the appellant on said appeal, not exceeding five hundred dollars," the liability of the surety was limited to the costs of the appeal to the Court of Appeals. (*Bennett* v. *American Surety Co.*, 73 App. Div. 468.)

I am, therefore, of the opinion that the learned court below

erred in considering said undertaking of the appellants as a bond in the penal sum of $9,000, and that the plaintiff was entitled to recover the full penalty thereof without any proof of damages.

The undertaking in suit was given pursuant to an order made upon an application on the part of the defendant for a stay pending his appeal from the decree of specific performance. The order granted a stay pending defendant's appeal upon condition that within ten days from the date of the order the defendant furnish and file " a bond with sureties to be approved by me, in the sum of $9,000, for the faithful performance of the judgment appealed from in the event that the same is affirmed on such appeal together with all costs and disbursements incurred by the plaintiff herein to be taxed, * * *." Referring to said last-mentioned order, the learned court below, in its decision, found: " That by the terms of said order of April 9th, 1918, and the said undertaking, the defendants became jointly and severally bound in the penal sum of $9,000 for the faithful performance of the said judgment." To which finding the defendants duly excepted. The learned court below also found: " That the plaintiff suffered damages in the sum of $9,000, with interest from the 21st day of June, 1918, amounting to the sum of $563.68, together with costs." To which finding the defendants also excepted.

The record is barren of any evidence in support of the foregoing findings. There is no finding of the court upon the question of damages, except as above stated. No evidence was given as to any damage suffered by plaintiff or of any item of such damage. There was no evidence presented to the court as to the value of the property contracted to be sold or any other basis for the assessment of damages save upon the theory, which I think was erroneous, that the instrument in suit was a bond upon which the appellants became liable for the amount thereof as liquidated damages.

I am, therefore, of the opinion that the finding of fact and the conclusion of law of the court below that the defendants, appellants were liable in damages to the full amount of their undertaking, with interest, is unsupported by any evidence presented upon the trial.

I am further of the opinion that under the evidence the plaintiff is not in a position to recover herein. The defendants

have fully complied with their undertaking, so far as they undertook that the appellant would pay the sum of money recovered or directed to be paid by said judgment, and also in so far as they undertook to pay any costs or damages awarded against the appellant on said appeal. These obligations have been met by the tender and payment into court of said sums, with interest. The plaintiff failed on his part to deliver to the defendant the deed provided by the decree of specific performance. Failure on plaintiff's part relieved the defendant George H. DeRonde from the performance of the contract on his part in obedience to said decree. He being relieved from such performance, the appellants herein did not become liable under their undertaking as upon his default. While the defendant was unable to obtain a readjudication in the action for specific performance, and the court properly held that the judgment therein was *res adjudicata,* not only as to the matters actually litigated upon the trial of said action, but as to anything which might have been litigated therein, the judgment itself only required specific performance on the defendant's part upon the delivery to him of a deed of the real property in question free and clear of all incumbrances, except such as were specifically mentioned in the deed itself. There were, in fact, upon this property at the time incumbrances by way of additional mortgages to those mentioned in the deed and other incumbrances seriously affecting the title to said premises. Under the terms of the decree, I think the defendant was entirely within his rights in insisting as a condition precedent to performance on his part that he should receive the deed specified in the decree. Such a deed was never tendered him. The learned court below, I think, erroneously excluded evidence offered by the defendants with reference to said incumbrances.

For the reasons above stated, I am of the opinion that the judgment appealed from should be reversed, with the costs and disbursements of this appeal, and that the complaint herein should be dismissed, with costs.

CLARKE, P. J., LAUGHLIN, DOWLING and PHILBIN, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs. Settle order on notice.