FEUER HOLDING CORPORATION, Plaintiff, *v.* CAPITAL CITY SURETY COMPANY, Defendant.

Municipal Court, City of New York, Borough of Manhattan, Ninth District, November 8, 1924.

**Landlord and tenant — action by landlord upon undertaking given by tenants on appeal to Appellate Term from order in dispossess proceedings — ultimate outcome of proceedings does not govern liability of surety — liability of surety ceased to exist on reversal by Appellate Term — surety not liable on reversal of Appellate Term by Appellate Division — complaint dismissed on merits.**

In an action by a landlord against a surety company upon an undertaking given by tenants on their appeal to the Appellate Term conditioned that they pay all costs and damages from stay of proceedings under dispossess warrant, the complaint should be dismissed on the merits, where it appears that the Appellate Term reversed the order of the Municipal Court although said determination was subsequently reversed by the Appellate Division and the final order of the Municipal Court affirmed.

The undertaking having been given for a specific purpose and the purpose having been accomplished the liability of the surety ceased on the reversal by the Appellate Term. Under such an undertaking the ultimate outcome of the proceedings does not govern the liability of the surety.

ACTION upon an undertaking to recover the sum of $1,000 in damages claimed to have been sustained by the plaintiff from the

time a stay was granted by the Appellate Term of proceedings under a dispossess warrant until the decision of the Appellate Division.

*David Bernstein,* for the plaintiff.

*Teitelbaum & Jay,* for the defendant.

MARKS, J.:

The Municipal Court made a final order awarding to the landlord, the plaintiff in this action, delivery of possession of certain premises. The tenants appealed to the Appellate Term, and made a motion for an order staying all proceedings on the part of the landlord pending the appeal. The Appellate Term by order dated November 1, 1923, ordered: " That said motion be and the same hereby is granted, and all proceedings of the landlord under final order stayed pending appeal, provided appellant * * * gives an undertaking in the sum of $1,000 to pay all costs and damages respondent may suffer by reason of the stay, and further provided that the appellant without prejudice to the landlord pays the rent due and hereafter as it becomes due."

The undertaking was given by the defendant, and recites the making of the final order, and that the tenants had appealed therefrom to the Appellate Term, and then continues: " And whereas, tenants have applied to said Appellate Term of Supreme Court for a stay of the warrant of dispossess pending such appeal to said Appellate Term, and said court granted such application and entered an order thereon granting such stay pending appeal, provided said tenants appellants give an undertaking in the sum of $1,000 to pay all costs and damages landlord respondent may suffer by reason of such stay:

" Now, therefore, the Capital City Surety Company * * * hereby undertakes that it will pay all costs and damages which the landlord respondent may suffer by reason of the stay granted by the Appellate Term pursuant to order of said court dated the 1st day of November, 1923, and filed in the office of the clerk of the county of New York on November 1, 1923, not exceeding the sum of one thousand dollars."

In January, 1924, the Appellate Term reversed the final order of the Municipal Court and directed a final order in favor of the tenants. The landlord appealed to the Appellate Division and obtained an order from that court which states: " The plaintiff having moved for an order continuing the order of the Supreme Court, Appellate Term, First Department, dated November 1, 1923, requiring the defendant herein to pay without prejudice to the plaintiff the monthly rent due herein, to wit, the sum of $250, and such rent as

may hereafter become due, pending the determination by this court of the appeal taken by the plaintiff from a determination of said Appellate Term of the Supreme Court, * * * it is ordered that the said motion be and the same hereby is granted."

The Appellate Division in July, 1924 (210 App. Div. 806), reversed the determination of the Appellate Term, and affirmed the final order of the Municipal Court, awarding plaintiff possession of the premises. The tenants paid all the rent required by the orders of the Appellate Term and Appellate Division during the pendency of both appeals, and have also paid all costs.

This action is brought upon the undertaking to recover the sum of $1,000 damages claimed to have been sustained by plaintiff from the time the stay was granted by the Appellate Term until the decision of the Appellate Division. The theory upon which a recovery is sought is that the ultimate outcome of the proceedings must govern the liability of the surety. But the cases cited by plaintiff, holding that it is the finality of the determination that establishes the surety's liability, were actions arising upon undertakings differing entirely from the one in the case at bar, and in which a different principle applies. Those cases involved the right to recover upon undertakings given to obtain a provisional remedy, where the liability of the surety, according to the conditions of the undertakings, was suspended until the final determination of the actions. (*Cook* v. *National Surety Co.*, 169 App. Div. 656; *Brown* v. *Utopia Land Co., No. 1*, 118 id. 190.)

But where, as in this case, the undertaking is given for a specific purpose, and the purpose has been accomplished, liability of the surety ceases, and does not depend upon the final result. This may be illustrated by the case of *Jackson* v. *Lawyers' Surety Co. of New York* (95 App. Div. 368; affd., 184 N. Y. 521), in which an appellant gave an undertaking on appeal to the Court of Appeals conditioned in substance that the surety would pay all costs and damages awarded against appellant on the appeal, and that, if the judgment was affirmed or the appeal dismissed, the appellant would pay the judgment. The Court of Appeals reversed the judgment and ordered a new trial, and it was held that the surety was not liable after the reversal by the Court of Appeals, or for the result of a new trial. Judge MCLAUGHLIN said (p. 370): " The judgment of the Court of Appeals terminated any and all liability of the defendant on its undertaking, * * *. This necessarily, as it seems to me, follows from the language used in the undertaking. It is that the defendant undertakes that the appellants will pay any costs or damages which may be awarded against them on the appeal, and also the judgment appealed from or any

part thereof which is affirmed.   There was no award by the Court of Appeals of costs or damages, and the judgment was affirmed neither in whole nor in part.   There was, therefore, nothing upon which a liability of the defendant could be predicated.   The undertaking had fulfilled its purpose, and after the judgment of the Court of Appeals it ceased to exist as an instrument upon which a liability could be predicated in that action.   The fact that the judgment was reversed, with costs to abide the event, has no bearing upon the question presented and affects in no way defendant's liability.   The costs which the defendant undertook to pay were such as might be awarded by the Court of Appeals."

The undertaking, and the legal proceedings out of which it grew, and the order recited therein, should be examined, in order to determine its real consideration and conditions.   (*Grafton* v. *U. S. Fidelity & Guaranty Co.*, 227 N. Y. 162, 166.)   What did the tenants desire to accomplish by the undertaking, and what advantage and benefit to them did the surety intend to secure, and what liability to the landlord?   The tenants wanted a stay during the pendency of their appeal to the Appellate Term.   The stay was an incident made necessary by the principal purpose, to wit, the appeal to the Appellate Term.   That court ordered the landlord's proceedings stayed upon the tenants' giving an undertaking, and the purpose of the undertaking was to comply with the order, and to stay the warrant, and thus enable the tenants to remain in possession during the pendency of the appeal to the Appellate Term.   That is all the Appellate Term and the parties had in view when the undertaking was given.   The Appellate Division stayed the warrant upon the landlord's appeal to that court, by an order continuing the order of the Appellate Term only upon condition that the tenants continue to pay the rent due and such rent as may thereafter become due pending the determination of the appeal by the Appellate Division, and all rent due has been paid.

The effect of the decision of the Appellate Term in reversing the final order of the Municipal Court was that the tenants were lawfully entitled to possession of the premises, and hence lawfully in possession when the final order was made, and also pending the appeal in that court, and hence entitled to the stay, and thus the undertaking fulfilled the purpose for which it was given, i. e., to pay damages if it was decided upon that appeal that the tenant was not entitled to possession and to the stay.   The fact that the determination of the Appellate Term was reversed by the Appellate Division does not make the surety liable for the result of that appeal.

When the Appellate Term reversed the final order of the Municipal Court, the undertaking ceased to exist as an instrument upon which liability could be predicated. It did not operate to stay any proceedings upon the appeal by the landlord, or undertake to pay any costs or damages as a result of his appeal. (*Jackson* v. *Lawyers' Surety Co. of New York, supra; Bennett* v. *American Surety Co.,* 73 App. Div. 468; affd., 179 N. Y. 548.)

There must be judgment for the defendant, dismissing the complaint upon the merits.