JOSEPH ALEXANDER and DANIEL W. AMBROSE,
respectively, President and Secretary
of the Democratic Party of the
Virgin Islands, acting on behalf
of the Democratic Party of the
Virgin Islands, Plaintiff-Appellant

v.

HENRITA TODMAN, Supervisor of Elections,
Defendant-Respondent

Civil No. 158-1963
District Court of the Virgin Islands
Div. of St. Thomas and St. John
July 17, 1964

■■■■■

■■■■■

■■■■■

■■■■■

■■■■■

■■■■■

Cox and BORNN (WILLIAM H. D. COX, ESQ., of counsel), Charlotte Amalie, Virgin Islands, *for plaintiff*

ANTOINE L. JOSEPH, ESQ., Frederiksted, Virgin Islands, and SHEA and GARDNER (ALFRED L. SCANLAN, ESQ., of counsel), Washington, D. C., *for defendant*

GORDON, *Judge*

This civil action is an appeal by the plaintiff-appellant (hereinafter called the plaintiff) pursuant to 18 Virgin Islands Code § 301(f) from the refusal of the defendant-respondent (hereinafter called the defendant), Henrita Todman, as Supervisor of Elections, to grant a hearing to the plaintiff where they could show that a petition purporting to register the Democratic Party of the Virgin Islands, was filed by the Virgin Islands Unity-Democratic Party for the purpose of registering that party under the name of the Democratic Party of the Virgin Islands. This civil action, Civil No. 158-1963, by order of the Court dated March 13, 1964, was consolidated for trial with Civil No. 260-1963 which case involved similar questions of fact.

These consolidated cases came on for trial before this Court without a jury on March 17, 18, 19, and 20, 1964. The plaintiff was represented by Cox and Bornn (William H. D. Cox, Esq., of counsel), of Charlotte Amalie, Virgin Islands. The defendant was represented by Antoine L. Joseph, Esq., of Frederiksted, Virgin Islands, and Shea and Gardner (Alfred L. Scanlan, Esq., of counsel), of Washington, D. C. The Court heard the testimony of many witnesses and arguments of counsel and on March 20, 1964, took the matter under advisement. The Court has reviewed the testimony of all the witnesses, the vast number of exhibits and has done considerable legal research in this matter and makes the following:

## FINDINGS OF FACT

1. The Democratic Party of the Virgin Islands, the plaintiff herein, and hereinafter called the Democratic Party, is an organized, unincorporated political party affiliated with the National Democratic Party in the United States and has been in existence in the Virgin Islands for a period in excess of thirty years. During its existence it has done the following:

a. It has sponsored and supported candidates running for public office.

b. It has financially assisted candidates running for public office.

c. It has used the various news media to set forth the political philosophies of those candidates it supported for public office and the philosophy of the Democratic Party of the Virgin Islands.

d. It has participated in the various conventions of the National Democratic Party in the United States by sending a National Committeeman and National Committeewoman, as well as delegates to the National Conventions.

e. It has encouraged membership, which approxi-

mates 1300, in its clubs which are affiliated with it and has created a membership which has accepted the principles and political philosophy of the Democratic Party.

2. Since the year 1954, there has been organized in the Virgin Islands an unincorporated political party known as the Virgin Islands Unity Party, later known as the Virgin Islands Unity-Democratic Party, hereinafter called the Unity Party. Said Unity Party had no affiliation with any national political party in the United States. During its existence it has done the following:

a. It has sponsored and supported candidates for election to public office.

b. It has financially assisted candidates running for public office.

c. It has used the various news media to set forth the political philosophies of those candidates it supported for public office and the philosophy of the Unity Party.

d. It has encouraged membership which approximates 1,000 in its clubs which are affiliated with it and has created a membership which has accepted the principles and political philosophy of the Unity Party.

e. It has worked hard to advance the principles of the party, said principles not being the same as those of the Democratic Party.

3. The defendant, Henrita Todman, was duly appointed by the Virgin Islands Legislature as Supervisor of Elections pursuant to 18 Virgin Islands Code § 4 in early April, 1963.

4. The defendant, as required by Section 301(a), Title 18, Virgin Islands Code, caused to have published in all the local newspapers during the first week of April, 1963, a request for the filing in her office of the names of political parties to be recognized by law.

5. The plaintiff herein registered its party pursuant to Section 301(b), Title 18, Virgin Islands Code, on April 19,

1963, which petition was approved by the Supervisor of Elections, the defendant herein.

6. During the month of April, 1963, the Unity Party caused a petition to be circulated among its members which was signed by approximately one hundred sixty-five (165) qualified voters, the vast majority of whom were members of the Unity Party, to register the Democratic Party of the Virgin Islands.

7. On the afternoon of May 1, 1963, at 2:55 P.M., the Unity Party with full knowledge, approval, and consent of its officers and executive committee, some of whom signed said petition, filed a petition signed by one hundred sixty-five (165) qualified voters, the vast majority of whom were its members, with the Supervisor of Elections pursuant to Section 301(c), Title 18, Virgin Islands Code, registering the Unity Party under the name of the Democratic Party of the Virgin Islands.

8. The plaintiff made a request in writing which was received by the defendant on May 6, 1963, as provided for by Section 301(f), Title 18, Virgin Islands Code, that the Supervisor of Elections hold a hearing to permit it to prove that the petition filed on May 1, 1963, was filed by the Unity Party in order to register itself under the name of the Democratic Party of the Virgin Islands.

9. On May 13, 1963, the defendant wrote a letter to the plaintiffs wherein she advised the plaintiffs that:

"I was of the opinion since May 1st at 4:00 P.M., when all petitions could have been filed under the provisions of Title 18, Chapter 15, Section 301 of the Virgin Islands Code, that there were four recognized political parties and that although five petitions had been filed it was not necessary to hold a hearing as provided for in Section 301(f). This conclusion was arrived at after reading the *entire* Section 301." (Paragraph omitted.)

"This letter, therefore, is to advise you that the Supervisor of Elections has recognized four political parties and that no hearing will be held on the subject mentioned in the last paragraph of your letter." (Plaintiff's Exhibit No. 24.)

10. Again on June 5, 1963, the plaintiff wrote to the defendant repeating their demand for a hearing. They informed the defendant that:

"However, since May 13, 1963, certain facts have become known, which I believe would have caused you to rule otherwise, had they been known and as a result of which there should be a hearing held by you." (Plaintiff's Exhibit No. 25.)

11. By letter dated June 10, 1963, the plaintiffs were advised by the defendant that:

"Your letter adds nothing new which causes me to change the opinion expressed in my letter to you of May 13, 1963 . . . ." (Plaintiff's Exhibit No. 26.)

12. The plaintiffs on June 12, 1963, noted an appeal to this Court pursuant to 18 Virgin Islands Code § 301(f), said appeal being from the defendant's refusal to hold a hearing.

13. The defendant testified at the trial of this matter that she was of the opinion that the Unity Party had not registered and was of the opinion that a hearing should be held only if she denied anyone the right to petition. It was her interpretation of Section 301(f) that if two parties registered under the same name and she denied one petition, it was at this time she would be compelled to hold a hearing. She further testified that she knew of the political affiliation of some of the people who filed the May 1, 1963, petition and that those persons belonged to the Unity Party.

From the foregoing Findings of Fact, the Court makes the following:

CONCLUSIONS OF LAW

1. The appeal filed by plaintiff on June 12, 1963, was timely filed, the plaintiff having been notified by letter on June 10, 1963, that the defendant had made a final denial of the plaintiff's request for a hearing.

2. The Democratic Party of the Virgin Islands,

plaintiff herein, validly registered itself with the Supervisor of Elections by the petition filed by its President and Secretary on April 19, 1963, pursuant to 18 Virgin Islands Code § 301(b).

■ 3. The candidates for the Territorial Committee of the Democratic Party of the Virgin Islands nominated by the plaintiff were validly nominated by the plaintiff in accordance with law.

■ 4. The plaintiff, the Democratic Party of the Virgin Islands, as a well established party with many members and many adherents over the period of years of its existence, is entitled to the use of its name as against all other political parties, groups and associations.

■ 5. There having been two petitions filed with the Supervisor of Elections using the same name, the Supervisor of Elections was compelled pursuant to 18 Virgin Islands Code § 301(f) to hold a hearing to determine which petition should have been accepted.

*18 Virgin Islands Code § 301(f)* "There shall be no similarity in the names of political parties which would tend to confuse or mislead the electors when voting in primaries or general elections. In cases where the same word or words, other than the words, 'Virgin Islands' appear in the petition filed for more than one political party, the Supervisor of Elections shall hold a hearing to determine which petition shall be accepted, giving due consideration to the hour each petition was filed, the number of electors signing each petition, and whether such party was officially in existence and participating in general elections in the Virgin Islands prior to the effective date of this chapter. The Supervisor of Elections shall, following such hearing, make a public announcement of his decision. Any association, club, group, organization or instrumentality whose petition is not accepted by the Supervisor of Elections may file an appeal with the District Court not later than seven days after the announcement of such decision for review of the same. Upon such appeal, the District Court may affirm, modify or reverse the decision of the Supervisor of Elections and may declare which of the original petitions filed is to be accepted."

■ 6. The court pursuant to 18 Virgin Islands Code § 301(f) may affirm, modify, or reverse the decision of the Supervisor of Elections and may declare which of the original petitions filed is to be accepted.

■■ 7. The court concludes from all the evidence that the plaintiff had the sole right to register the Democratic Party of the Virgin Islands and to nominate a slate of candidates for its Territorial Committee for certification by the Supervisor of Elections and that the petition filed April 19, 1963, was the only valid registration of the Democratic Party of the Virgin Islands, plaintiff herein.

■ 8. The petition filed by the Unity Party on May 1, 1963, was invalid and should have been rejected by the Supervisor of Elections and any action taken by the Supervisor of Elections pursuant to the petition filed May 1, 1963, is null and void.

■ 9. The Supervisor of Elections should have certified the slate of candidates filed by the plaintiff on May 17, 1963, at 3:30 P.M. (Plaintiff's Exhibit No. 28) for its Territorial Committee pursuant to 18 Virgin Islands Code § 307, which states:

"If the number of candidates who filed nomination petitions for a particular party office exactly equals the number of persons who are to be elected to such office, no party primary with respect to such office shall be held, and, in such a case, the Supervisor of Elections shall declare the candidates who filed the petitions to be elected to such party office. — Added Feb. 20, 1963, No. 936, § 1"