**JOSEPH ALEXANDER, et al., Plaintiffs**

v.

**HENRITA TODMAN, et al., Defendants**

Civil No. 260-1963

District Court of the Virgin Islands

Div. of St. Thomas and St. John

December 7, 1965

Cox & Bornn (William H. D. Cox, Esq., of counsel), Charlotte Amalie, Virgin Islands; Birch, Maduro & DeJongh (John L. Maduro, Esq., of counsel), Charlotte Amalie, Virgin Islands, *for plaintiffs*

Alfred L. Scanlan, Esq., Washington, D.C.; David B. Isbell, Esq., Washington, D.C., *for defendants*

Gordon, *District Judge*

### ORDER

On June 21, 1965, the plaintiffs herein filed a motion to modify and clarify the orders of this court issued on April 7, 1965 and May 7, 1965. The attorneys for the plaintiffs and the defendants have filed memoranda in support and in opposition to the above motion. On October 18, 1965, the motion came on for hearing and was vigorously argued by the attorneys for both sides.

The plaintiffs seek an order assessing costs and attorneys' fees against the organization for which they were acting as officers and not against them as individuals. They argue that since the civil actions (Civil No. 158-1963 and 260-1963)[1] were brought according to a resolution adopted by the governing body of the Democratic Party of the Virgin Islands and pursuant to 18 V.I.C., such acts were not individual acts and thus the individuals acting in their representative capacities should not be personally liable for the assessment of costs.

The defendants who subsequently prevailed in this cause oppose the motion arguing that the plaintiffs who sued in their representative capacity are personally liable for the costs.

■ Referring now to the cause of action against what was then known as the Mortar and Pestle slate, this cause of action was filed pursuant to 18 V.I.C. § 301(g) which states in part: "A petition for an injunction to restrain such association, club, group, organization, or instrumentality from using any part or portion of the registered name of a political party may be filed in the district court by the officers of the legally recognized political party and/or the Supervisor of Elections". Thus pursuant to statute, Joseph Alexander and Daniel W. Ambrose filed the action on behalf of what was then thought to be the "legally recognized party". They did not file these civil actions as individuals and upon their own behalf.

Title 5 V.I.C. § 545 states:

"In an action prosecuted or defended by an executor, administrator, trustee of an express trust, or a person expressly authorized by a statute to prosecute or defend therein, costs shall be recovered as in ordinary cases, but such costs shall only be chargeable upon or collected from the estate, fund, or party represented, unless the court orders the same to be recovered

[1]Alexander v. Todman, 4 V.I. 580, 231 F.Supp. 365 (D.C.V.I. 1964); Alexander v. Todman, 4 V.I. 589, 231 F.Supp. 368 (D.C.V.I. 1964).

from the plaintiff or defendant personally for mismanagement or bad faith in such action or the defense thereto."

██ ██ Joseph Alexander and Daniel W. Ambrose prosecuted these actions as "person[s] expressly authorized by a statute" to do so. Thus, pursuant to the terms of this statute the costs are only chargeable upon the party represented, which in this case was the Democratic Party of the Virgin Islands. In these cases, it has not been established that the individuals (Joseph Alexander and Daniel W. Ambrose) acted in bad faith. Thus the Court shall not order them to personally respond for the costs of this action on this ground.

The Court is of the opinion that the orders entered April 7, 1965 and May 7, 1965 must of necessity be amended to clarify who is liable for the costs which were taxed in these cases. Therefore, it is hereby

ORDERED that paragraph two of the order of May 7, 1965, as amended be further amended to read:

> ORDERED that attorneys' fees be taxed against the Democratic Party of the Virgin Islands, as it existed as of the time the above entitled causes were commenced, for the cases heard in the District Court, Court of Appeals, and Supreme Court in the following amounts: attorney's fees for the law firm of Covington and Burling in the amount of $5,000.00; attorney's fees for the law firm of Birch, Maduro and DeJongh in the amount of $2,000.00; and attorney's fees for James A. Bough, Esq. in the amount of $2,500.00.

It is

FURTHER ORDERED that paragraph three of the order of May 7, 1965, as amended be further amended to read:

> "Costs already assessed by the U.S. Court of Appeals for the Third Circuit in the amount of $1,481.15 for the preparation and transmittal of the record on appeal, including preparation of the transcript of the trial in this Court, pursuant to Rule 35(3) of the Rules of the Third Circuit be, and the same

are hereby assessed against the Democratic Party of the Virgin Islands, as it existed as of the time the above entitled causes were commenced."