JOSEPH ALEXANDER and DANIEL W. AMBROSE, Respectively, President and Secretary of the Democratic Party of the Virgin Islands, Acting on Behalf of the Democratic Party of the Virgin Islands

v.

HENRITA TODMAN, Supervisor of Elections, and EARLE B. OTTLEY, EVADNEY PETERSEN, ROY A. ANDUZE, RANDAL N. JAMES, JOHN L. MADURO, FRANK PETERSEN, RUTH E. LaBETT, PATRICK N. WILLIAMS, A. DAVID PURITZ, GENE-VIEVE THURLAND, AUREO DIAZ, WARREN E. BROWN, RENHOLDT JACKSON, GERALD M. CHRISTIAN, CLARENCE A. HEYLIGER, MARIO N. deCHALBERT, PERVICAL H. REESE, VALDEMAR A. HILL, ALFREDO LIMA, CHARLES W. TURN-BULL, HERMAN F. SMITH and JARVIS B. ABRAMSON, Hereinafter Referred to as the MORTAR and PESTLE GROUP for Brevity, Appellants

No. 15,762

United States Court of Appeals

Third Circuit

Argued April 26, 1966

Decided June 17, 1966

*See, also, 361 F.2d 744*

JAMES A. BOUGH, ESQ., Charlotte Amalie, St. Thomas, Virgin Islands, *for appellant*

EDITH L. BORNN, ESQ. (COX and BORNN), Charlotte Amalie, St. Thomas, Virgin Islands, *for appellee*

Before STALEY, *Chief Judge*, and MARIS and McENTEE, *Circuit Judges*

MARIS, *Circuit Judge*

The question presented by this appeal is whether the District Court of the Virgin Islands erred in its taxation of costs and attorneys' fees. The question arose following our remand to the District Court of this action and another companion suit. No useful purpose would be served in recounting the background facts since they are set out in our opinion on the prior appeal, 1964, 5 V.I. 137, 337 F.2d 962, cert. den. 380 U.S. 915. Suffice it to say that in the first action, No. 158–1963, Joseph Alexander and Daniel W. Ambrose, the president and secretary, respectively, of the Democratic Party of the Virgin Islands, acting on behalf of the Democratic Party of the Virgin Islands, appealed to the District Court from a ruling by defendant Henrita Todman, the Territorial Supervisor of Elections. The plaintiffs sought to have set aside a petition registering the Democratic Party under the newly enacted Election Code, 18 V.I.C. §§ 301 et seq., the petition having been filed by the defendants Ottley, et al., referred to as the Mortar and Pestle Group. In the second action, No. 260–1963, which is the case involved in the present appeal, the plaintiffs sought, inter alia, to have the defendants Ottley, et al., enjoined from acting as, or representing themselves to be, members of the Territorial Committee of the Democratic Party of the Virgin Islands and from engaging in political activities as representatives of that Party. The defendants filed what they entitled a "Counterclaim or Third Party Complaint" in the caption of which they listed the names of seventeen individuals, including Alexander and Ambrose, referring to them as "plaintiffs or third-party defendants" and designating them as the "Donkey Group Plaintiffs". The defendants prayed the Court to direct these persons to appear as plaintiffs or as third-party defendants and that they be enjoined from representing themselves as officers or representatives of the Democratic Party or as

members of its Territorial Committee. The cases were consolidated in the District Court. Following a trial, judgment was entered for the plaintiffs in each case, 1964, 4 V.I. 580, 589, 231 F.Supp. 365, 368. Appeals from these judgments were taken by defendants, at our docket Nos. 15,000 and 15,001, and, following argument, the judgments of the District Court in favor of the plaintiffs were reversed and the orders and injunctions contained therein were vacated. The cases were remanded to the District Court with instructions to issue the injunctions requested by the defendants and for any other action consistent with our opinion, 1964, 5 V.I. 137, 337 F.2d 962. Our mandate, which issued on March 9, 1965, directed the allowance to the defendants of their costs incurred on the appeals.

Upon remand, the defendants filed a motion in the District Court for a judgment pursuant to our mandate and for the taxation of costs and attorneys' fees. The District Court entered a judgment on April 7, 1965, on the defendants' counterclaim or third-party complaint enjoining Joseph Alexander, Daniel W. Ambrose, Ronald DeLugo, Fritz Lawaetz, Herbert Sugden, Thomas W. Gibbs, Anthony Cerge, Alfred Lockhart, Lucinda A. Millin, Augustin Doward, Fabian Martinez, Delta Dorsch, Theovald E. Moorhead, Leslie Moorhead, Clely Berry, Charles S. Sebastian, and Waldron J. Shackelton, their agents and associates, from, inter alia, acting as, or representing themselves to be, members of the Territorial Committee of the Democratic Party of the Virgin Islands unless they shall be duly elected to said Committee in a primary election held pursuant to title 18, V.I.C.; the complaints in Nos. 158–1963 and 260–1963 were dismissed with prejudice, and the costs incurred on appeal to this court were assessed "against the plaintiffs". The District Court, after hearing argument on the motions for taxation of costs and attorneys' fees entered, on May 7, 1965, an order taxing attor-

neys' fees against the plaintiffs and amended its order of April 7th to reflect the correct amount of court costs. The plaintiffs then moved for an order for the modification and clarification of the prior orders, requesting the District Court to specify the exact persons, clubs or organizations liable for the payment of costs and counsel fees. After hearing argument, the District Court, on December 7, 1965 entered an order amending its order of May 7th to read that costs and attorneys' fees were taxed against the Democratic Party of the Virgin Islands as it existed at the time the actions were commenced. The present appeal by the defendants is from that order.

The defendants' first contention is that the District Court erred in not holding plaintiffs Alexander and Ambrose personally liable for the costs and attorneys' fees.[1] The defendants urge that the District Court wrongly applied 5 V.I.C. § 545, the statute which provides for the assessment of costs in actions brought by parties acting in a representative capacity. § 545 provides as follows:

"In an action prosecuted or defended by an executor, administrator, trustee of an express trust, or a person expressly authorized by a statute to prosecute or defend therein, costs shall be recovered as in ordinary cases, but such costs shall only be chargeable upon or collected from the estate, fund, or party represented, unless the court orders the same to be recovered from the plaintiff or defendant personally for mismanagement or bad faith in such action or the defense thereto."

The defendants say that plaintiffs Alexander and Ambrose, in bringing the action for an injunction, were actually suing to gain control of the Democratic Party and, therefore, were really suing on their own behalf and that they did not bring the action in good faith. Accordingly, defendants argue, plaintiffs Alexander and Ambrose were not entitled to exemption under section 545 from personal lia-

---

[1] No issue is raised on this appeal in respect to the amount of attorneys' fees allowed under 5 V.I.C. § 541.

bility for costs and attorneys' fees. We find the defendants' contention wholly lacking in merit.

■ Express statutory authority for the officers of a political party to bring a representative suit on behalf of the party in defense of its right to use its party name is provided by 18 V.I.C. § 301 (g), as follows:

". . . A petition for an injunction to restrain such association, club, group, organization or instrumentality from using any part or portion of the registered name of a political party may be filed in the district court by the officers of the legally recognized political party and/or the Supervisor of Elections."

The issue as to whether or not plaintiffs Alexander and Ambrose brought the injunction action on their own behalf or as representatives of the Party was squarely raised in the District Court, which found that they were authorized to bring the action as such representatives.

■ A person who sues or is sued in his official or representative capacity is, in contemplation of law, regarded as a person distinct from the same person in his individual capacity and is a stranger to his rights or liabilities as an individual. It is equally true that a person in his individual capacity is a stranger to his rights and liabilities as a fiduciary or in a representative capacity. Leonard v. Pierce, 1905, 182 N.Y. 431, 432, 75 N.E. 313. Accordingly, the plaintiffs Alexander and Ambrose, having been found by the District Court to be authorized to bring the injunction suit in a representative capacity, were exempt from personal liability for costs and attorneys' fees under 5 V.I.C. § 545 unless they had brought the suit in bad faith. The District Court determined that "it has not been established that the individuals (Joseph Alexander and Daniel W. Ambrose) acted in bad faith." The defendants have not directed our attention to any evidence in the record to the contrary. The District Court was, therefore, right in imposing the costs and attorneys' fees upon the organization

which they represented, the Democratic Party of the Virgin Islands as it existed when the suit was brought. The order of the District Court of December 7, 1965 is supported by 18 V.I.C. § 301 (g) and must be affirmed.

■ This disposes of the only question properly raised on the record before us. The defendants strongly urge other questions upon us, however. These we will discuss briefly. In the first place they ask us to determine the liability for the taxed costs of the members of the Democratic Party of the Virgin Islands as it existed at the time the actions were commenced. The short answer to this request is that it should be addressed to the district Court which, so far as appears from the record before us, has not been asked to determine it.

The defendants next ask us to hold that plaintiffs Alexander and Ambrose are personally liable on the theory that they acted as agents for the members of the Democratic Party, an unincorporated association, and therefore as agents they are personally liable for costs and attorneys' fees for which they later may seek contribution from the other members. The difficulty with this proposition is that it flies directly in the face of the applicable statutes, 18 V.I.C. § 301 (g), which authorized Alexander and Ambrose as officers of the Democratic Party to bring the suit on its behalf, and 5 V.I.C. § 545 which relieved them of personal liability for costs if they brought the suit in good faith which, as the District Court found, they did.

■ Finally, the defendants urge that those whom the District Court should have found liable for costs and attorneys' fees are the seventeen persons named in the defendants' third-party complaint (two of whom are Alexander and Ambrose) who were enjoined pursuant to our mandate from acting as, or representing themselves to be, members of the Territorial Committee of the Democratic

Party of the Virgin Islands unless elected thereto at a primary election. The defendants appear to think that their pleading changed the character of the action by making Alexander and Ambrose, as well as the fifteen other individuals, plaintiffs in the action in their individual capacities. There is no legal basis whatever for such an argument. The paper which the defendants called a "Counterclaim and Third-Party Complaint", which was in reality the latter only, was filed under Rule 14(a) of the Federal Rules of Civil Procedure. Under that rule Alexander and Ambrose as individuals and the fifteen others were brought in as defendants to the third-party complaint. The mere fact that the defendants have chosen to designate these individuals as "plaintiffs" can not change the character of the action or their position in it. It now appears that the defendants wish these seventeen individuals held liable for the costs of the litigation. In the District Court, however, they urged that the orders of April 7 and May 7, 1965, which assessed the cost "against the plaintiffs" did not require modification or clarification as to exactly who was liable. The defendants were content with the assessment to run "against the plaintiffs". Now they urge this court in effect to "clarify" the order of the District Court by charging the costs and counsel fees against these seventeen third-party defendants, including Alexander and Ambrose, as individuals. Obviously the defendants are precluded on this record from pressing such a contention in this court.

The amended order of the District Court entered December 7, 1965 taxing costs and attorneys' fees, will be affirmed.